**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 1208026120 |
| v. | ) | |
| | ) | |
| DAMIEN R. TRAWICK | ) | |
| | ) | |
| Defendant | ) | |

Submitted: August 30, 2014
Decided: October 27, 2014

On Defendant's Motion for Postconviction Relief.
**DENIED.**

# ORDER

Matthew B. Frawley, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State

Christopher D. Tease, Esquire, Wilmington, Delaware, Attorney for the Defendant

COOCH, R.J.

This 27th day of October, 2014, upon consideration of Defendant's First Motion for Postconviction Relief, it appears to the Court that:

1. Defendant Damien R. Trawick pled guilty in September 2012 to one count of Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"). Prior to sentencing, the State filed a motion to declare Defendant a habitual offender pursuant to 11 *Del. C*. § 4214(a) which was granted by another judge of this Court. Defendant was sentenced in November 2012 to 8 years

Level V followed by 6 months of Level IV work release.[1] Since his sentencing, Defendant has filed several Motions for Correction of Sentence pursuant to Superior Court Criminal Rule 35, all of which have been denied.[2]

2. Defendant filed a *pro se* Motion for Postconviction Relief on October 23, 2013. Pursuant to Superior Court Criminal Rule 61(e), counsel was appointed and an order of briefing established. Defendant through counsel filed the instant Amended Motion for Postconviction Relief May 28, 2014. Defendant's then-appointed counsel submitted an affidavit pursuant to Rule 61(g) on June 25.[3] The State submitted a response to Defendant's motion on August 11. Though Defendant had the option to, he did not file a reply.

3. Defendant's sets forth four grounds for relief in his Motion:

1) Ineffective assistance of counsel because Defendant "talk[ed] to lawyer once in [sic] he went straight for plea before introduction;"

2) Illegal arrest because there was "no strong reason for bothering me in the first place;"

3) Inappropriate sentence because Defendant "signed for Habitual Offender in [sic] still received 8 yrs;"

4) PDWBPP was "not a violent felony at the time of his plea, and therefore he was not being sentenced for a violent felony pursuant to 11 *Del. C.* 4214(a), and therefore, not facing 8 to life." Defendant further argues that because Possession Within 300' of a Park was no longer being considered a violent felony as of September 1, 2011, that it cannot render PDWBPP a violent felony pursuant to 11 *Del. C.* 4201.[4]

---

[1] *See* Docket #3 (Sept. 13, 2012); Docket #7 (Nov. 9, 2012).
[2] *See* Docket #10 (June 5, 2013); Docket #12 (Aug. 26, 2013).
[3] Affidavit of Raymond M. Radulski, Esquire, Docket # 25 (Jun. 25, 2014).
[4] Def.'s Amended Mot. For Postconviction Relief at 1-2 (incorporating Defendant's original Motion). Though Defendant refers to the crime to which he pled guilty as

4.  The State's response addresses only the fourth claim set forth by Defendant. The State argues that at the time of Defendant's plea, possession of a controlled substance within 300 feet of a park was still considered a violent felony pursuant to 16 *Del. C.* § 4768.[5] The State further contends that pursuant to 11 *Del. C.* 211, the repeal of § 4768 several months after Defendant's conviction does not change the status of his conviction.

5.  The State also argues that the PDWBPP is, by operation of the statute, a violent felony. The State contends that in addition to the 2011 charge of Possession of a Controlled Substance Within 300 Feet of a Park, the status of which Defendant disputes, Defendant has several other violent felony convictions that could form the basis for the PDWBPP charge to be considered a violent felony.[6]

6.  This Court finds that Defendant's first claim for relief is without merit. To successfully articulate an ineffective assistance of counsel claim, a claimant must demonstrate: 1) that counsel's performance was deficient, and 2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[7] To prove counsel's deficiency, a Defendant must show that counsel's representation fell below an objective standard of reasonableness.[8] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[9] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[10]

---

Possession of a Firearm by a Person Prohibited, or "PFBPP," for clarity, this Court will continue to use the acronym "PDWBPP."

[5] *See* State's Resp. at 2. The previous version of 16 *Del. C.* § 4768 prohibiting distribution, delivery, or possession of a controlled substance within 300 feet of a park was effective until August 31, 2011.

[6] *See* State's Resp. at 2.

[7] *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)) (applying second prong of *Strickland* analysis in the context of a guilty plea); *See also Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[8] *Albury*, 551 A.2d at 60.

[9] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[10] *Strickland*, 466 U.S. at 689.

7.     Defendant's sole contention that he only spoke with appointed counsel one time before counsel is conclusory and clearly does not satisfy either prong of *Strickland*. Defendant does not set forth any facts in his motion to support his claim and the record contradicts Defendant's contention. Defendant's previous counsel stated at the plea colloquy that he had reviewed the plea and the Truth-in-Sentencing form with Defendant.[11] Counsel and the State jointly requested a pre-sentence investigation when the plea was entered.[12] Finally, Defendant's previous counsel states in his affidavit that counsel met with Defendant at least twice, and that substitution counsel was present at Defendant's sentencing.

8.     Defendant has neither shown any deficiency on the part of counsel, nor has he shown that but for counsel's alleged errors, he would have insisted on going to trial. The record simply does not reflect that counsel was deficient, and the quantity of Defendant's previous counsel's meetings with Defendant is not, in itself, sufficient to make out a claim for ineffective assistance of counsel.

9.     Defendant's second claim is that his arrest was illegal. Defendant argues that there was "no strong reason for bothering me in the first place."[13] This Court finds that Defendant cannot bring a claim based on illegal arrest because Defendant entered into a guilty plea. A guilty plea entered voluntarily "constitutes a waiver or any alleged errors or defects occurring prior to the entry of the plea."[14] This Court found at the plea colloquy that Defendant's plea was knowingly, voluntarily, and intelligently entered.[15] As a result of Defendant's voluntary guilty plea, this Court finds that Defendant is foreclosed from bringing any

---

[11] *See* Def.'s Amended Mot. for Postconviction Relief, Exhibit C at 3.
[12] *See* Affidavit of Raymond M. Radulski, Esquire, Docket # 25 (Jun. 25, 2014).
[13] *See* Def.'s Mot. for Postconviction Relief at 3 (incorporated
[14] *Bentley v. State*, 27 A.3d 550, 2011 WL 3793779, at *2 (Del. 2011) (TABLE) (citing *Downer v. State*, 543 A.2d 309, 311-13 (Del. 1988)).
[15] *See* Def.'s Amended Mot. for Postconviction Relief, Exhibit C at 11.

4

claims of relief based on illegal arrest, or any other errors that occurred prior to the entry of his guilty plea.[16]

10. Defendant's third claim for relief is that his sentence is "inappropriate." Specifically, Defendant argues that he did not oppose his Habitual Offender status, but "still" received eight years at Level V at sentencing. This argument again, is conclusory and fails to persuade. "In the absence of clear and convincing evidence to the contrary, [Defendant] is bound by the answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony prior to the acceptance of the guilty plea."[17] The record reflects that the Defendant understood the terms of the plea, including the requirement for a minimum mandatory sentence of eight years at Level V.[18] Defendant sets forth no evidence to the contrary in the instant Motion. This Court finds Defendant's argument that his sentence was inappropriate to be without merit.

11. Defendant's final claim is that PDWBPP was not a violent felony at the time of his plea. Defendant argues that his most recent conviction for Possession of a Controlled Substance Within 300 Feet of a Park is not a violent felony because the statute rendering that crime a violent felony had been repealed on September 1, 2011. It follows, then, according to Defendant, that because his most recent possession charge is not a violent felony, the charge cannot render PDWBPP a violent felony.[19]

12. This Court finds that Defendant's argument is flawed. As the State suggests, the sentence in this case was indeed appropriate. In this instance, PDWBPP was properly considered a Class D felony because, pursuant to 11 *Del. C.* § 1448(a)(1) and (c),

---

[16] Even if Defendant were not precluded from challenging this alleged error, "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980) (internal citations omitted). This Court declines to discuss the merits of this claim further.

[17] Somerville v. State, 703 A.2d 629, 632 (Del. 1997)

[18] *See* Def.'s Amended Mot. for Postconviction Relief, Exhibit C.

[19] See Def.'s Amended Mot. for Postconviction Relief at 1.

5

Defendant was in possession of a firearm while being a "person prohibited" from such possession.[20]

13. Moreover, PDWBPP was properly considered a violent felony here because Defendant's 2011 charge of Possession of a Controlled Substance Within 300 Feet of a Park, contrary to Defendant's position, is indeed a violent felony.[21] Though the statute creating the possession charge for which Defendant was convicted was repealed in September of 2011, Defendant was convicted prior to the repeal of the statute.[22] In sum, pursuant to 11 *Del. C.* § 211, the repeal of § 4768 several months after Defendant's conviction leaves Defendant's conviction undisturbed.[23]

14. Finally, this Court finds that eight years at Level V supervision was the proper sentence. The minimum mandatory sentence in this case was five years and the maximum was eight years.[24] As a result of Defendant's habitual offender status, coupled with the fact that the instant offense was Defendant's fourth violent

---

[20] See 11 *Del. C.* § 1448(a)(1) (prohibiting persons who have been convicted of a felony in this State from "purchasing, owning, possessing or controlling adeadly weapon . . . within the State."); *See also* 11 *Del. C.* § 1448(c) ("Possession of a deadly weapon by a person prohibited is a class F felony, unless said deadly weapon is a firearm or ammunition for a firearm , and the violation  is 1 of paragraphs (a)(1)-(8) of this section, in which case it is a class D felony.").

[21] See 11 Del. C. § 4201(c) prior to Sept. 1, 2011 (making Possession of a Controlled Substance Within 300 Feet of a Park under 16 *Del. C.* § 4768 a violent felony).

[22] Defendant was convicted of Possession of a Controlled Substance Within 300 Feet of a Park in May 2011 and the statute was not repealed until September 2011.

[23] *See* 11 *Del. C.* § 211 (stating that the repeal of a statute creating a criminal offense does not "have the effect of releasing or extinguishing any penalty . . . incurred under the statute . . . .").

[24] *See* 11 *Del. C.* § 1448(e)(1)(b) (setting mandatory minimum sentence at five years for persons who have committed a violent felony "within 10 years of the date of conviction . . . or date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date[.]";  11 *Del. C.* § 4201(c) (designating Possession of a Deadly Weapon by Persons Prohibited as a violent felony);   11 *Del C.* § 4205(b)(4) (setting eight years of Level V incarceration as maximum for class D felonies).

felony, the Court was required to sentence Defendant to a sentence of eight years.[25]

Therefore, Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:    Prothonotary
       Investigative Services
       Matthew B. Frawley, Esquire
       Christopher D. Tease, Esquire

---

[25] See 11 Del. C.§ 4214(a) ("[A]ny person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum provided elsewhere in this title . . . this minimum provision shall apply only when the 4th or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.")