**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 1211021787 |
| v. | ) | |
| | ) | |
| ROBERT J. HOHN III | ) | |
| | ) | |
| Defendant | ) | |

Submitted: November 18, 2014
Decided: January 21, 2015

On Defendant's Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

# <u>ORDER</u>

Victoria Witherell, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State

Robert J. Hohn III, Wilmington, Delaware, *pro se*

COOCH, R.J.

This 21st day of January, 2015, upon consideration of Defendant's First Motion for Postconviction Relief, it appears to the Court that:

1.  Defendant Robert J. Hohn III pled guilty in September 2013 to Assault in the Second Degree and Misdemeanor Endangering the Welfare of a Child. Defendant was then sentenced to a total of nine years years at Level V, suspended after six years and one month for two years at Level IV, suspended after six months for two years and eleven months are Level III

probation.[1]  The Delaware Supreme Court affirmed Defendant's conviction and sentence on appeal.[2]

2.  Defendant filed the instant motion on November 13, 2014. Defendant asserts three grounds for relief in his motion, all of which are listed here *in toto*:

> (1) Ineffective Assistance of Counsel – "Counsel did not make full magnitude of plea known and thus involuntary. Counsel did not make mention of Bench Trial. Counsel did not file for suppression of evidence. Counsel did not fully explain my rights. Counsel ignored important evidence in favor of defen[s]e. Counsel refused to present counter plea offer. Counsel did not state or explain plea was an open plea. Counsel did not request supporting evidence from co-defendant's counsel. Counsel refused request for trial."

> (2) Coercion of Guilty Plea – "Counsel refused to go to trial ("I think you are going to have to take this plea."). Counsel used fear tactics ("look at all the time you face if you lose."). Counsel used co-defendant as leverage ("Shannon has already signed her plea and wants you to sign yours.")."

> (3) Unfulfilled Plea Agreement – "Counsel stressed repedativly [sic] the presumptive sentencing guidelines. Counsel gave false hope of time served ("I don't see you doing any more time."). Counsel stressed favorable results if trial was waived. Counsel stressed leanency for not making the victim take the witness stand. Counsel stressed favorable outcome for a first offen[s]e with no prior history."[3]

3.  Defendant's Motion for Postconviction Relief is controlled by the recently amended Superior Court Criminal Rule 61.[4]  Under Superior Court Criminal Rule 61(i), a Motion for Postconviction Relief can be potentially procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[5]  Before addressing the merits of this

---

[1] Sentence Order, D.I. #15 (Dec. 6, 2013).
[2] *See Hohn v. State*, 100 A.3d 1021, 2014 WL 4050183 (Del. Aug. 14, 2014) (ORDER).
[3] Def.'s Mot. for Postconviction Relief at 3, D.I. #28 (Nov. 13, 2014).
[4] The most recent set of amendments to Super. Ct. Crim. R. 61 took effect on June 4, 2014.
[5] Super. Ct. Crim R. 61(i)(1)-(4).

2

Motion for Postconviction Relief, the Court must address any procedural requirements of Rule 61(i).[6]

4.     Rule 61(i)(1) provides that a motion exceeds time limitations if it is filed more than one year after the conviction is finalized, or if the motion asserts a newly recognized, retroactively applied right more than one year after it is first recognized.[7]

5.     Rule 61(i)(2) provides that a motion is successive if it is the second or subsequent motion made under this Rule, and such successive motions are prohibited unless the pleading requirements of 61(d)(2)(i) or (ii) are met.[8]

6.     Rule 61(i)(3) bars consideration any ground for relief "not asserted in the proceedings leading to the judgment of conviction," unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[9]

7.     Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing."[10]

8.     If any of the above procedural bars exist, the Court will not consider the merits of the claims unless the Defendant can show that the exception found in Rule 61(i)(5) applies.[11]

9.     Rule 61(i)(5), as recently amended, provides that consideration of otherwise procedurally barred claims is limited to claims that the Court lacked jurisdiction, or claims that satisfy the new

---

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] Super. Ct. Crim. R. 61(i)(1).
[8] *See* Super. Ct. Crim. R. 61(i)(2). For further discussion of the pleading standards articulated in the newly amended Rule, see *infra*.
[9] Super. Ct. Crim. R. 61(i)(3).
[10] Super. Ct. Crim. R. 61(i)(4).
[11] Super. Ct. Crim. R. 61(i)(5).

3

pleading standards set forth in 61(d)(2)(i) and (ii).[12] The new pleading standards require that the Motion either:

> (i) Pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) Pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid.[13]

10. This Court finds that Defendant's Motion was timely filed and is not otherwise procedurally barred.[14] However, "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[15] A movant must support his or her assertions with 'concrete allegations of actual prejudice, or risk summary dismissal.'"[16] Sufficiently developed allegations are required in support of all grounds for relief, including claims of ineffective assistance of counsel.[17] This Court "will not address Rule 61 claims that are conclusory and unsubstantiated."[18]

---

[12] *Id.*

[13] Super Ct. Crim R. 61(d)(2)(i).

[14] The Supreme Court affirmed Defendant's conviction in August of 2014 and the instant motion followed three months later. Defendant is within the one-year filing window articulated by the Rule.

[15] Super. Ct. Crim. R. 61(d)(5).

[16] *State v. Chambers*, 2008 WL 4137988, at *1 (Del. Super. Aug. 25, 2008) (quoting *State v. Childress*, 2000 WL 1610766, at *1 (Del. Super. Sept. 19, 2000)).

[17] *See, e.g., State v. Robbins*, 1996 WL 769219, at *1 (Del. Super. Dec. 18, 1996).

[18] *State v. Owens*, 2002 WL 234739, at *1 (Del. Super. Jan. 11, 2002).

11.     Defendant alleges ineffective assistance of counsel, but does not set forth sufficient evidence to survive either prong of Strickland. To successfully articulate an ineffective assistance of counsel claim, a claimant must demonstrate: 1) that counsel's performance was deficient, and 2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[19] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[20] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[21] Defendant makes only one-sentence claims regarding counsel's alleged deficiencies and nothing more. This Court finds such claims are insufficient to survive the Strickland standard.

12.     Defendant also makes numerous unsupported allegations regarding the propriety of his plea and the circumstances under which it was entered into. This Court finds that all of Defendant's claims are without merit. A guilty plea entered voluntarily "constitutes a waiver or any alleged errors or defects occurring prior to the entry of the plea."[22] Moreover, Defendant acknowledged on his truth-in-sentencing guilty plea form that he read and understood the information on the form, including the maximum penalties to which he was subject. Defendant also indicated on the form that no one had threatened or forced him to enter the plea.[23] Finally, a lengthy plea colloquy was conducted during which this Court determined

---

[19] *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)) (applying second prong of *Strickland* analysis in the context of a guilty plea); *See also Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[20] *Albury*, 551 A.2d at 60.

[21] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[22] *Bentley v. State*, 27 A.3d 550, 2011 WL 3793779, at *2 (Del. 2011) (TABLE) (citing *Downer v. State*, 543 A.2d 309, 311-13 (Del. 1988)).

[23] *See* Plea Agreement and Truth-in-Sentencing Guilty Plea Form, D.I. #12 (Sept. 16, 2013).

that Defendant was entering his plea knowingly, intelligently, and voluntarily.[24]

13.   After review of the record, this Court finds no basis upon which to conclude that Defendant's guilty plea was involuntary or was entered into based upon a misunderstanding or mistake as to Defendant's legal rights.

14.   Despite the timeliness of Defendant's Motion, it plainly appears from the contents of the Motion that Defendant's claims should be summarily dismissed. In Defendant's Motion, he sets forth a bare-bones list of broad, conclusory statements with no underlying facts or law to support his claims. This Court declines to address Defendant's Rule 61 claims further, consistent with Rule 61(d)(5). Summary Dismissal is the appropriate disposition of Defendant's Motion for Postconviction Relief.

Therefore, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:   Prothonotary
cc:   Investigative Services

---

[24] *See* Transcript of Plea Colloquy, D.I. # 18 (Feb. 14, 2014).

6