OF THE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

March 25, 2015

William T. Windsor, III
SBI# 002
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: *State of Delaware v. William T. Windsor*,
Def. ID#s 1212009736A and 1212009736B ( R-1)

DATE SUBMITTED: February 25, 2015

Dear Mr. Windsor:

Pending before the Court is the motion of William T. Windsor ("defendant") for

postconviction relief pursuant to Superior Court Rule 61 ("Rule 61"). The applicable version of

Rule 61 is that enacted on June 4, 2014.[1]  This is the Court's decision summarily denying the

motion. Because defendant does not set forth a substantial claim that defendant received

ineffective assistance of counsel in relation to his pleas of guilty and *nolo contendere* and

because no other specific exceptional circumstance(s) exist warranting the appointment of

_____

[1]A copy of that version is enclosed herein.

1

counsel,[2] I deny defendant's request for the appointment of counsel. Because the motion is summarily dismissed, no need exists either to have trial counsel submit an affidavit or to have the State of Delaware ("the State") respond.

On or about December 15, 2012, defendant was arrested on 151 counts stemming from sex offenses against the two daughters of his girlfriend. He was indicted, on February 18, 2013, on 160 criminal counts: rape in the second degree (3 counts); continuous sexual abuse of a child (2 counts); sexual abuse of a child by a person in a position of trust in the first degree (10 counts); rape in the fourth degree (3 counts); sexual solicitation of a child (10 counts); sexual abuse of a child by a person of trust in the second degree (87 counts); unlawful sexual contact in the second degree (43 counts); and endangering the welfare of a child (2 counts).

Defendant, through trial counsel, moved for a bill of particulars, to sever the charges related to the two victims, and to suppress his statement to the police. The defense withdrew the motion for a bill of particulars.[3] This Court granted the motion to sever. As to defendant's statement, the parties agreed that, in its case in chief, the State would not use defendant's statement after the one hour and twenty-five minute mark of the tape of the interview.[4] The Court made further rulings regarding the statement. It ruled that defendant made a voluntary, knowing and intelligent waiver of his *Miranda* rights, and it further ruled that defendant's statements were

---

[2]Rule 61(e)(2).

[3]*State v. Windsor*, Def. ID# 1212009736A, Docket Entry No. 15.

[4]Transcript of August 8, 2013 Proceedings, Docket Entries 46 (Def. ID# 1212009736A) and 14 (Def. ID# 1212009736B) at 2-11.

not coerced.[5]

Thereafter, the Court ordered the State to reduce the number of charges against defendant to avoid undue prejudice. On the morning of jury selection, the State presented two pared down indictments. In the first, there were 12 counts (from 151) as to Victim 1 and in the second, there were 8 counts (from 9) as to Victim 2. Later that day, defendant pled guilty to one count of rape in the second degree as to Victim 1 (ID# 1212009736A) and he pled *nolo contendere* to continuous sexual abuse of a child as to Victim 2 (Def. ID# 1212009736B).[6]

As the Supreme Court explained in defendant's appeal, the following occurred regarding the plea:

> Before accepting his plea, the Superior Court conducted a lengthy colloquy with Windsor. During the colloquy, Windsor stated under oath that: (i) he had freely and voluntarily decided to plead guilty to rape in the second degree and *nolo contendere* to continuous sexual abuse of a child; (ii) he had not been promised anything that was not stated in the written plea agreement; (iii) nobody had forced or threatened him to enter the plea; (iv) he understood that by entering the plea there would not be a trial and that he would be waiving several constitutional rights, including the right to be presumed innocent until the charges were proven beyond a reasonable doubt and the right to hear and question witnesses; and (v) he understood that he could receive a total maximum penalty of fifty years of incarceration.[7]

Defendant was sentenced on December 13, 2013.[8]  During the sentencing proceedings, defendant asked the Court if he could withdraw his pleas pursuant to Superior Court Criminal

---

[5]*Id.* at 12-22.

[6]Transcript of September 9, 2013 Proceedings at 48-64, Docket Entries 51 (Def. ID# 1212009736A) and 17 (Def. ID# 1212009736B).

[7]*Windsor v. State*, 100 A.3d 1022, 2014 WL 4264915, *1(Del. Aug. 28, 2014).

[8]Transcript of December 13, 2013 Proceedings, Docket Entries 48 (Def. ID# 1212009736A) and 16 (Def. ID# 1212009736B)

Rule 32(d).[9] Trial counsel did not file such a motion and explained he did not know defendant was going to make such a request. The Court refused to hear the motion because it was not made by way of his attorney, it was not filed with notice to the State, and the evidence of defendant's guilt was so overwhelming. The Court considered defendant's motion to be a delaying tactic.[10]

The Court found aggravating factors existed and sentenced defendant as follows. As to the rape in the second degree conviction, he was sentenced to 25 years at Level 5, suspended after 20 years for decreasing levels of supervision. As to the continuous sexual abuse of a child conviction, he was sentenced to 25 years at Level 5, suspended after 2 years for probation.

Defendant appealed. The issues raised on appeal and the Supreme Court's resolution of those issues are examined below because defendant resubmits them in this Rule 61 motion.[11]

Issue 1: The Superior Court erred by refusing to allow him to present the motion to withdraw his pleas.

The Supreme Court ruled that because trial counsel did not file the motion, defendant's motion "was a legal nullity."[12] The Supreme Court further ruled:

---

[9]Superior Court Criminal Rule 32(d) provides:

*Plea withdrawal.* If a motion for withdrawal of a plea of guilty or nolo contendere is made before imposition or suspension of sentence or disposition without entry of a judgment of conviction, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only by motion under Rule 61.

[10]Transcript of December 13, 2013 Proceedings, Docket Entries 48 (Def. ID# 1212009736A) and 16 (Def. ID# 1212009736B) at 10-12.

[11]*Windsor v. State*, *supra* at **3-5.

[12]*Id.* at *3.

That the Superior Court acted within its discretion is also reinforced by the extensive colloquy that the Superior Court had with Windsor before accepting his guilty plea. Although Windsor may have sought to withdraw his guilty plea based on a supposed promise that he would receive a twelve year sentence, the written plea agreement and plea colloquy were clear and to the contrary. The plea agreement, signed by Windsor, expressly stated that the maximum penalty for the offenses was fifty years incarceration. During the plea colloquy, Windsor stated the he understood each offense was punishable by two to twenty-five years of incarceration and that the maximum penalty he could receive was up to fifty years of incarceration, of which twelve years was a minimum-mandatory sentence.[13]

Issue 2: "[T]he sentence was outside statutory guidelines, resulted from judicial bias and prejudice, exceeded the parties' 'outside oral agreement,' and constituted cruel and unusual punishment under the Eighth Amendment".[14]

The Supreme Court concluded these challenges were without merit. Defendant's sentence was within statutory limits. Delaware Sentencing Accountability Commission ("SENTAC") Guidelines are voluntary and non-binding. A defendant has no right to appeal a sentence on the ground it does not comply with SENTAC Guidelines.

The Supreme Court further concluded:

As far as Windsor's claim that the Superior Court demonstrated bias and prejudice by referring to his physical size compared to the victims [sic] and his use of economic pressure on the victims and their mother, Windsor does not contend that either of those statements was false or based on false information. And each was a case-specific factor that rationally bore on the sentence Windsor should receive. The Superior Court imposed the sentence after receiving the presentence investigation as well as materials submitted by Windsor's relatives, reviewing the record, and hearing statements from Windsor's counsel, Windsor's family members, Windsor, the State and the victims. The record reflects that the sentence was based on the nature of Windsor's crimes and does not support

---

[13]*Id.* (Footnotes and citations omitted).

[14]*Id.*

Windsor's claims of bias and prejudice.[15]

The Supreme Court also ruled that the plea agreement and colloquy contradict defendant's contention that the sentence exceeded an outside oral agreement of a twelve year sentence.

Finally, the Supreme Court concluded that defendant's Eighth Amendment challenge failed because the sentence was within statutory limits and defendant did not offer any evidence suggesting the sentence was grossly disproportionate to the crime.

Issue 3: His right to confrontation was violated and he was deprived of due process by the Court's limiting his trial to three days.

The Supreme Court ruled as follows. There was no plain error on this issue. Defendant did not show how his right to confront witnesses was violated and nothing in the record establishes such. Furthermore, he failed to explain why his case could not be tried in three days or show how he could not have presented an effective defense in that amount of time.

Issue 4: There was prosecutorial misconduct. The Supreme Court sets forth defendant's argument as follows:

> ... Windsor seems to claim that the prosecution engaged in misconduct by improperly consolidating the indictment to bring the cases involving Victim1 and Victim 2 together, bringing multiple and duplicative charges, and coercing him into pleading guilty by seeking to rejoin the cases against Victim1 and Victim 2. [16]

The Supreme Court concluded defendant had the opportunity to, and did, challenge the attempted consolidation of the charges and did not show that the charges were unlawfully

---

[15]*Id.* at *4.

[16]*Id.*

6

duplicative. The Supreme Court further ruled:

> Windsor also repackages his claim by arguing that the rejoinder coerced him into pleading guilty. This claim is entirely without merit. Windsor stated under oath at his plea colloquy that no one had threatened or forced him to plead guilty and that he freely and voluntarily pled guilty to rape second degree and *nolo contendere* to continuous sexual abuse of a child. Absent clear and convincing evidence to the contrary, Windsor is bound by these statements. A claim of coercion in the plea bargaining process can only be substantiated if the State threatens to take action or takes action that is not legally authorized. Windsor fails to explain why it was improper at all, much less coercive, for the State to move to rejoin the Victim 1 and Victim 2 cases after *reducing* the number of charges involving each of the victims as urged by the Superior Court. In any event, the Superior Court denied the State's motion to rejoin. Windsor was left to proceed to trial on twelve charges involving one victim, not a trial involving both victims with little notice as he appears to suggest.[17]

Thus, the Supreme Court affirmed the judgment below. The mandate for the Supreme Court decision was dated September 15, 2014.

Defendant filed his pending Rule 61 motion on February 20, 2015.

Before exploring his claims, I set forth the standards which apply to this matter. These standards are clearly set forth by the Superior Court in *State v. Hohn*.[18] Therein, pertinent portions of the decision provide:

> 3. ... Defendant's Motion for Postconviction Relief is controlled by the recently amended Superior Court Criminal Rule 61.[FN4] Under Superior Court Criminal Rule 61(i), a Motion for Postconviction Relief can be potentially procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[FN5] Before addressing the merits of this Motion for Postconviction Relief, the Court must address any procedural requirements of Rule 61(i).[FN6]

>> FN 4 The most recent set of amendments to Super. Ct. Crim. R. 61 took effect on June 4, 2014.

---

[17]*Id.* at *5 (Footnotes and citations omitted).

[18]2105 WL 301982 (Del. Super. Jan. 21, 2015).

4. Rule 61(i)(1) provides that a motion exceeds time limitations if it is filed more than one year after the conviction is finalized, or if the motion asserts a newly recognized, retroactively applied right more than one year after it is first recognized.[FN7]

5. Rule 61(i)(2) provides that a motion is successive if it is the second or subsequent motion made under this Rule, and such successive motions are prohibited unless the pleading requirements of 61(d)(2)(i) or (ii) are met. FN8

6. Rule 61(i)(3) bars consideration [of] any ground for relief "not asserted in the proceedings leading to the judgment of conviction," unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights." [FN9]

7. Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing." [FN10]

8. If any of the above procedural bars exist, the Court will not consider the merits of the claims unless the Defendant can show that the exception found in Rule 61(i)(5) applies.[FN11]

9. Rule 61(i)(5), as recently amended, provides that consideration of otherwise procedurally barred claims is limited to claims that the Court lacked jurisdiction, or claims that satisfy the new pleading standards set forth in 61(d)(2)(i) and (ii).[FN12] The new pleading standards require that the Motion either:

(i) Pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) Pleads with particularity a claim that a new rule of

constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction ... invalid.[FN13]

FN 12 *Id.*

FN 13 Super. Ct. Crim. R. 61(d)(2)(i).

10. *** However, "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified." [FN15] "A movant must support his or her assertions with 'concrete allegations of actual prejudice, or risk summary dismissal.' " [FN16] Sufficiently developed allegations are required in support of all grounds for relief, including claims of ineffective assistance of counsel.[FN17] This Court "will not address Rule 61 claims that are conclusory and unsubstantiated." [FN18]

FN 15 Super. Ct. Crim. R. 61(d)(5).

FN 16 *State v. Chambers,* 2008 WL 4137988, at *1 (Del. Super. Aug. 25, 2008) (quoting *State v. Childress*, 2000 WL 1610766, at *1 (Del. Super. Sept. 19, 2000).

FN 17 *See, e.g., State v. Robbins*, 1996 WL 769219, at *1 (Del. Super. Dec. 18, 1996).

FN 18 *State v. Owens*, 2002 WL 234739, at *1 (Del. Super. Jan. 11, 2002).

11. *** To successfully articulate an ineffective assistance of counsel claim, a claimant must demonstrate: 1) that counsel's performance was deficient, and 2) "that there is a reasonable probability that, but for counsel's errors, he would not

9

have pleaded guilty and would have insisted on going to trial." [FN19] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[FN20] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[FN21] ***

> FN 19 *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)) (applying second prong *Strickland* analysis in the context of a guilty plea); *See also Strickland v. Washington*, 466 U.S. 668, 688 (1984).

> FN 20 *Albury*, 551 A.2d at 60.

> FN 21 *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

12. *** A guilty plea entered voluntarily "constitutes a waiver or any alleged errors or defects occurring prior to the entry of the plea.FN22

> FN 22 *Bentley v. State*, 27 A.3d 550, 2011 WL 3793779, at *2 (Del. 2011) (TABLE) (citing *Downer v. State*, 543 A.2d 309, 311-13 (Del. 1988)).

With these standards in mind, I address defendant's claims below.

**Ground 1)**

Due process, violation of 14th amendment.

6th, 8th and 14th Amend. rights were violated. The Judge used cruel and unusal [sic] punishment. The defendant was denied rule 32(d) without the opportunity of giving fair and just reasons. The defendant's 6th amend. right to confrontation was violated. Defendant and counsel was [sic] not given the chance to review the presentence investigation report.

The assertions of cruel and unusual punishment, denial of his right to present the motion

to withdraw under Superior Court Criminal Rule 32(d), and the denial of his 6th amendment right to confrontation are procedurally barred because they have been formerly adjudicated.[19] Defendant has made no effort to establish the existence of either of the prongs which provide an exception to this bar.[20] Thus, those claims are procedurally barred and must be summarily dismissed.

Defendant claims that he and trial counsel were not given a chance to review the presentence investigation report. Defendant was not entitled to review the presentence report.[21] Trial counsel had that opportunity and the record establishes he reviewed it.[22] However, the fact that the claim is meritless is irrelevant because the claim fails on procedural grounds. It should have been raised before the sentencing and if not then, then on appeal.[23] Defendant has not shown cause for relief from the procedural default and prejudice from violation of the movant's rights. Furthermore, as noted above, defendant has not established the existence of any exceptions in Rule 61(i)(5) to the procedural bars.

The claims asserted in this ground fail.

---

[19]Rule 61(i)(4).

[20]Rule 61(i)(5).

[21]*Eaddy v. State*, 679 A.2d 469, 1996 WL 313499, *2 (Del. May 30, 1996) (TABLE); *Bruton v. State*, 2006 WL 258303 (Del. Super. Jan. 26, 2006).

[22]Transcript of December 13, 2013 Proceedings, Docket Entries 48 (Def. ID# 1212009736A) and 16 (Def. ID# 1212009736B) at 3, 4.

[23]Rule 61(i)(3). *Eaddy v. State*, *supra.*

**Ground 2)**

Judicial misconduct, violation of 6th amendment, "Procedure" rights.

   The sentencing Judge improperly denied the defendant's motion to withdrawal of plea prior to the defendant establishing fair and just reasons. The Judge used prejudice and bias to sentence the defendant outside of plea agreement. Not giving defendant and counsel the opportunity to review presentence report.

The assertions regarding the denial of the motion to withdraw the plea and that the Judge used prejudice and bias to sentence defendant outside of the plea agreement are procedurally barred because they were considered on appeal.[24] Furthermore, defendant failed to establish any exceptions to this bar exist.[25] The claim regarding the presentence report fails for the reason set forth in Ground 1. Thus, the claims asserted in this ground fail, also.

**Ground 3)**

Prosecutorial misconduct, violation of 6th and 14th amend. equal protecton [sic]

   The prosecution improperly consolidated the defendant's indictment. The prosecution used misconduct with multiplicious [sic] charges. The prosecution used coercion to get defendant to take a plea. Prosecution actions cumulatively deprived the defendant of a fair trial. The prosecution brought forth an illegal indictment.

These claims are barred because the Supreme Court adjudicated them in defendant's appeal.[26] Furthermore, defendant has failed to establish the existence of any exceptions to that

---

[24]Rule 61(i)(4).

[25]Rule 61(i)(5).

[26]Rule 61(i)(4).

bar.[27] These claims fail.

**Ground 4)**

Ineffective assistance of counsel.

Del. Supreme Court does not hear the grounds of ineffective assistance of counsel. Facts: Defense counsel failed to interview witnesses, victims or prosecution's witnesses. Defense counsel failed to show defendant the D.V.Ds statements of victims or any evidence as medical reports. Defense counsel failed to make a motion to suppress victims statement. Defense counsel withdrawal of motion for the bill of particulars without communicating actions with defendant. Defense counsel and prosecution coerced the defendant in taking a plea. Defense counsel told the defendant that counsel thought the defendant was guilty. Defense counsel failed to review the presentence report. Defendant counsel failed to file amendment of the opening brief to the Del. Supreme Court.

Defendant's conclusory, one-sentence assertions of ineffective assistance of counsel do not meet the requirements of *Strickland*.[28] The Supreme Court explained that defendant would need to establish that trial counsel was ineffective and but for the ineffective representation, he would not have entered the pleas.[29] Defendant has not even attempted to establish such. His ineffective assistance of counsel claims fail for the foregoing reasons.

**Ground 5)**

Harmful error, Illegal sentence resulting from plain error.

The State made a harmful error by charging the defendant of 2 charges from the

---

[27]Rule 61(i)(5).

[28]*Hohn v. State*, 2015 WL 301982, at *2.

[29]*Windsor v. State, supra*, at * 5.

13

second case instead of charging the defendant on one charge from each case.

This argument does not make sense. Defendant must present a logical argument which the Court can understand and then consider. The Court will not speculate as to what defendant means. The Court dismisses this ground.

**Ground 6)**

Illegal indictment.

The prosecution took charge IS13020422 from case (b) and put it in as a charge in case (A).

This argument also does not make sense. Again, defendant must present a logical argument which the Court can understand and then consider; the Court will not speculate as to what defendant means. Thus, the Court dismisses this ground.

**Ground 7)**

Multiplicity

The prosecution used misconduct with multiplicious [sic] charges. Counts 16-25 sexual solicitation of a child. Counts 26-107 sexual abuse of a child. Counts 108-150 unlawful sexual contact.

This claim is barred because the Supreme Court adjudicated it in defendant's appeal.[30] Furthermore, defendant has failed to establish the existence of any exceptions to that bar.[31] The

---

[30]Rule 61(i)(4).

[31]Rule 61(i)(5).

claim fails.

For the foregoing reasons, the Court summarily dismisses defendant's motion for postconviction relief.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Richard F. Stokes*

Richard F. Stokes

cc: Prothonotary's Office
    John W. Donahue, IV, Esquire
    James P. Murray, Esquire