**David FOUNTAIN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Feb. 11, 1972.

Henry A. Wise, Jr., Asst. Public Defender, Wilmington, for defendant below, appellant.

Richard R. Wier, Jr., State Pros., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

The defendant appeals from a denial by the Superior Court of postconviction relief under Superior Court Criminal Rule 35.* The motion was based upon an assertion of lack of jurisdiction to convict and sentence for violation of Sec. 39–18(a) of the Wilmington City Code making it unlawful "to carry concealed a deadly weapon upon or about his person with the intent to use such weapon in violation of law * * *."

The defendant had been tried in the Municipal Court of Wilmington on an information which charged that he did "carry concealed a deadly weapon, to wit, a razor, at 900 Block of East 26th Street, Wilmington, Delaware, in violation of City Ordinance 39–18." Upon appeal from conviction in the Municipal Court, the defendant was prosecuted, convicted, and sentenced in the Superior Court upon an information limited to the same allegations. In the Superior Court, the defendant unsuccessfully contended that the information was deficient in that it failed to allege that the razor was carried as a weapon "with intent to use it in violation of law." There was no appeal from the conviction.

The defendant may not prevail upon this appeal because the inadequacies of the information complained of are not jurisdictional. The information was indeed defective in that it failed to contain an allegation of intent to use the concealed weapon in violation of law. Superior Court Criminal Rule 7(c) requires that an information shall contain a "statement of the essential facts constituting the offense charged"; and the element of intent here involved undoubtedly rises to "essential" proportions. A motion to quash the information undoubtedly would have produced an enlargement of the information. See State v. Deedon, Del.Supr., 189 A.2d 660 (1963). But the record does not disclose such motion and there was no appeal from the conviction. This review, therefore, is necessarily limited to the question of whether the inadequacy in the information deprived the Superior Court of jurisdiction to impose the sentence so as to permit invocation of Rule 35 relief.

We hold that the inadequate information was not a jurisdictional defect within the

---

* Rule 35 provides that application for postconviction relief may be made at any time upon the challenge that "the court imposing the sentence was without jurisdiction to do so."

meaning of Rule 35. The correct rule is stated in Barlow v. Davis, 103 Utah 566, 137 P.2d 357, 360 (1943):

> "Where the law gives the power to entertain a cause, and the pleadings state facts sufficient to show that such a cause is intended or attempted to be brought before the court, the court has jurisdiction to entertain or proceed with it even though the pleading does not state facts sufficient to constitute a cause of action or a crime, as the case may be."

The accuracy of this rule is reflected in the language of the Superior Court Criminal Rules. E. g., Rule 12(b) (2) distinguishes between the defenses that an information "fails to show jurisdiction in the court or to charge an offense"; Rule 12(b) (5) provides that where an information fails to charge an offense, the Court may retain the defendant in custody until a new information is filed; and Rule 34 provides that the Court shall arrest the judgment "if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged." Obviously, under our Criminal Rules, the failure of an indictment or information to allege an essential element of the offense charged is not considered a jurisdictional defect.

The appellant alleges no actual prejudice in the preparation of his defense in the Superior Court. The case against him in the trial de novo in the Superior Court was substantially the same as he had previously met in the Municipal Court. The history of the cases in both Courts demonstrates the lack of any difficulty in preparing for trial. And, in our opinion, the informations were sufficient to support a plea of double jeopardy if the occasion were to arise. Demonia v. State, Del. Supr., 210 A.2d 303 (1965).

Affirmed.