David DOWNER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: April 12, 1988.
Decided: June 22, 1988.

Edward C. Gill, Wolhar & Gill, P.A.,
Georgetown, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Division, Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., MOORE and WALSH, JJ.

WALSH, Justice:

This appeal from the Superior Court presents the question of whether a defendant who plea bargained may seek to vacate a guilty plea to an offense which subsequently was determined not to exist. The Superior Court ruled that although the offense to which the defendant, David Downer, had pleaded guilty had been impliedly repealed prior to the entry of the plea, the resulting benefit to the defendant in avoiding prosecution for a greater offense precluded post sentencing relief. The Superior Court also ruled that since the facts underlying the charge constituted indictable conduct, the Court did not lack jurisdiction to accept the plea. We conclude that the Superior Court's ruling contained no error of law and accordingly affirm.

I

The factual basis underlying Downer's claim is gathered almost entirely from the transcript of his guilty plea in the Superior Court on March 25, 1985. On that date, Downer appeared with counsel to advise the court that he entered into a plea agreement with the State with respect to all charges then pending against him. Those charges included three offenses under indictment: burglary third degree, theft misdemeanor and conspiracy as well as a sexual assault charge pending in the Family Court. The latter charge, involving a five year old victim, was the subject of review by the Office of the Attorney General which had indicated its intention to discontinue the Family Court prosecution in favor of indicting Downer on a charge of rape first degree. Downer's attorney described his client's predicament to the Superior Court prior to the entry of the disputed guilty plea: "So, he would have been looking at rape first degree and the charges

that were pending, the burglary, theft and conspiracy."

Downer's counsel also advised the Superior Court that his client was aware that while the rape first degree charge carried a sentence of life imprisonment with a mandatory minimum of twenty years, if he entered a guilty plea to the charge of sexual misconduct, the other charges would be nolle prossed and Downer would face a maximum period of imprisonment of seven years. The Superior Court judge conducted a thorough inquiry into Downer's understanding of the plea agreement and the rights he was surrendering through his plea of guilty. Downer also admitted his guilt to the specific conduct giving rise to the charge of sexual misconduct.[1] Thereafter, Downer was sentenced to seven years imprisonment on the sexual misconduct charge.

Fifteen months after his sentencing, Downer filed a motion to vacate his guilty plea. Relying upon this Court's decision in *David S.W. v. State*, Del.Supr., 509 A.2d 1100 (1986), which ruled that the statute establishing the crime of sexual misconduct had been impliedly repealed by a 1977 amendment to the Delaware Criminal Code, Downer contended that the Superior Court lacked jurisdiction to enter a judgment of conviction to an offense that did not exist, despite his willingness to plead guilty to such a charge.

The Superior Court in denying the motion to dismiss ruled that although the offense of sexual misconduct had been impliedly repealed at the time Downer entered his plea, Downer's admission to conduct constituting the elements of rape in the first degree precluded a jurisdictional attack. Moreover, the Superior Court noted that since Downer had received a benefit

from the charge reduction he was not entitled to collaterally attack his conviction.

Downer's attempt to nullify the effect of his plea is constructed upon an argument which is straightforward and simplistic. Under Delaware law, he argues, all crimes are defined by statute, 11 *Del.C.* § 202, and the authority of the Superior Court to assert subject matter jurisdiction over an alleged offense must be statutorily based. Where the charge before the Court does not constitute an offense, the court is without jurisdiction to accept a plea and impose a sentence and, the argument runs, since the parties cannot confer jurisdiction on a court, the defendant's acquiescence through his guilty plea cannot cure the infirmity.

In reply, the State, while conceding that the crime to which Downer pleaded guilty had been impliedly repealed, argues that after a guilty plea, a defendant is precluded from asserting a defense, even if previously unknown, where he has, by plea negotiation caused the State to detrimentally rely upon the finality of the plea.

This Court has ruled that a defendant convicted on the basis of a defective information, i.e., lacking an essential element of the offense, may not collaterally attack the validity of his conviction on that basis. *Fountain v. State*, Del.Supr., 288 A.2d 277 (1972). In *Fountain* the Court concluded that since the defect was curable through an amended information, the inadequate information did not deprive the Court of jurisdiction over the offense. Later, in *Howell v. State*, Del.Supr., 421 A.2d 892 (1980), this Court although ultimately proceeding to decide the merits of the claim, ruled that the *Fountain* rationale also applied to a defendant seeking to set aside a guilty plea.

**1.** The plea colloquy included the following exchange:

THE COURT: Okay, let's continue. I am going to read to you the charge, and you can follow along on the copy that is in front of you. The charge is: On or about the first day of September to the second day of December, 1984, in the County of New Castle, being a male at least four years older than the victim,

you did intentionally engage in sexual intercourse with the victim, as indicated in the Information, a female not your wife who is less than 16 years old by putting your penis in her vagina, contrary to Title 11, Section 726 of the Delaware Code of 1974 as amended.

Are you pleading guilty to this charge of sexual misconduct?

THE DEFENDANT: Yes.

■ The State urges that under a *Fountain–Howell* type analysis, a complete or non-curable defense, as well as a curable defense may be forfeited through the entry of a guilty plea and thus even a pure jurisdictional defect will not survive the entry of a guilty plea. We do not read *Fountain* or *Howell* as authority for the forfeiture of non-curable or complete defenses, such as lack of jurisdiction. Nor do we agree that they control the issue posed in this appeal, i.e., whether a court has jurisdiction to accept a plea of guilty to a nonexistent offense. If the Superior Court lacked jurisdiction over the defendant's conduct, such a defect would be non-curable and nullify his guilty plea. We conclude, however, that the Superior Court had jurisdiction over the cause before it and that Downer is now precluded from a collateral attack upon that court's adjudication of guilt.

The Supreme Court of the United States has also struggled with the availability of collateral attacks on guilty pleas in the context of later defined rights. In the so-called *Brady* trilogy the Court sharply limited the availability of collateral attack through federal habeas corpus of convictions based on guilty pleas. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed. 2d 785 (1970). In *Brady* the Court stated that: "a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. at 757, 90 S.Ct. at 1473, 25 L.Ed.2d at 761.

In a later case, the United States Supreme Court implicitly modified the thrust of the *Brady* trilogy to permit a collateral attack on a guilty plea where the nature of the later developing right sought to be asserted involved the privilege against self-incrimination. *United States v. U.S. Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). The Court subsequently ruled that a guilty plea to a murder

indictment could not be reopened on a claim of racial discrimination, commenting that the habeas corpus inquiry was limited to "the nature of the advice and the involuntariness of the plea, not the existence of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266–267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973).

However, in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) the Supreme Court relied on the "curable" "non-curable" distinction in permitting a habeas corpus attack upon a guilty plea to a felony charge during a trial de novo following an appeal from the defendant's misdemeanor conviction arising from the same conduct.

Although the underlying claims presented in *Tollett* and the *Brady* trilogy were of constitutional dimensions, none went to the very power of the State to bring the defendant into court to answer the charge brought against him. The defendants in *McMann v. Richardson*, for example, could surely have been brought to trial without the use of the allegedly coerced confessions, and even a tainted indictment of the sort alleged in *Tollett* could have been "cured" through a new indictment by a properly selected grand jury.

Id. at 30, 94 S.Ct. at 2104, 40 L.Ed.2d at 636–637. In contrast, the Court concluded that the constitutional infirmity present in *Blackledge* was not curable because the State was completely precluded based on considerations of due process from requiring the defendant to answer to the more serious felony charge following a prior misdemeanor conviction.

■ Although we are here concerned with the authority of the Superior Court to accept a plea of guilty in a situation where its jurisdiction is called into question, the analysis of *Brady* and its progeny is not inapt. If the alleged error is "non-curable" the defendant's conduct as described in the information would not support a conviction of an alternative offense in the light of later developing circumstances. Accordingly, the power of the court to sentence

him after a plea of guilty is open to a collateral challenge. However, where the defendant's conduct has brought him within the jurisdiction of the court to answer the State's allegation of criminal activity and these allegations result in plea bargaining, the error is curable and the fundamental authority of the court to accept the result of the defendant's bargain with the State remains intact. Thus, the court's jurisdiction is not lost simply because the result of the bargaining is a plea to a nonexistent offense.

In this case, Downer appeared in the Superior Court on March 25, 1985, to respond to four charges for which he had been indicted: third degree burglary, misdemeanor theft and second degree conspiracy. Downer did not then, nor does he now, question the jurisdiction of the Superior Court over those charges. Additionally, the State indicated that it intended to indict Downer on a new charge of rape first degree by terminating prosecution of a sexual assault charge in the Family Court and making that conduct the basis for the rape indictment. Thus when he struck his plea bargain with the State, Downer was, in the words of his counsel, "looking at rape first and the charges that were pending, the burglary, theft and conspiracy." These charges, over which the Superior Court clearly had jurisdiction and which were unquestionably viable under the Delaware Criminal Code, were as much a part of the plea negotiations as was the charge to which Downer actually pleaded. Moreover, as a result of the plea entered by Downer and his subsequent sentence, the remaining charges were effectively dismissed. Thus, the focus of the Superior Court's jurisdiction here cannot be limited to the validity of the sexual misconduct charge but must include the adjudication through the plea bargaining process of *all* charges pending against the defendant.

Apart from the jurisdictional basis furnished by the multiple charges against defendant is the fact, as the Superior Court ruled, that the actual conduct to which Downer pleaded guilty included all the elements of rape first degree. The only difference between the plea entered by Down-

er and a conviction of rape first degree, is that the offense bore a different title and the maximum sentence available was significantly different—to Downer's benefit. Thus, because the State was not legally precluded from obtaining a valid conviction based on one of the other charged offenses, the Superior Court had jurisdiction over all charges pending against Downer. Accordingly, the court's error in accepting the guilty plea to a sexual misconduct charge was curable and not subject to collateral attack.

■ Having concluded that the Superior Court had jurisdiction over Downer's conduct by virtue of the related charges disposed of through his guilty plea we next address his claim that his plea of guilty to a nonexistent offense was a nullity. We agree with the State that Downer, through a voluntary and intelligent plea bargain, has forfeited his right to attack the underlying infirmity in the charge to which he pleaded guilty. Our holding finds significant support in decisions from other jurisdictions which have considered the effect of a plea of guilty to a "nonexistent" offense.

In *People v. Foster,* 19 N.Y.2d 150, 278 N.Y.S.2d 603, 225 N.E.2d 200 (1967), a defendant originally charged with manslaughter in the first degree was permitted to enter a plea of guilty to attempted manslaughter in the second degree. In rejecting the defendant's claim that his plea of guilty to a nonexistent offense was a nullity, the New York Court of Appeals drew a distinction between an attack on a conviction based on a nonexistent offense following a jury verdict and a nullity claim after a plea of guilty. While a jury verdict may not be sustainable, a plea of guilty "presents an entirely different situation." *Id.* 278 N.Y.S.2d at 605, 225 N.E.2d at 201. The Court declined to find a due process violation in the imposition of a sentence following a guilty plea to a nonexistent offense because the defendant "induced the proceedings of which he now complains." *Id.* The court concluded that the "plea should be sustained on the ground that it was sought by defendant and freely taken as part of a bargain which was struck for the defendant's benefit." *Id.* 278

N.Y.S.2d at 606, 225 N.E.2d at 202.

Other courts have similarly ruled that guilty pleas to defective or nonexistent offenses will be upheld where the defendant has entered the plea under a plea bargain agreement from which he received a substantial benefit, even though a jury conviction on the same charge might be reversed. *People v. Waits,* Colo.App., 695 P.2d 1176 (1984); *People v. Bernard,* Colo.Supr., 656 P.2d 695 (1983); *People v. Genes,* 58 Mich. App. 108, 227 N.W.2d 241 (1975). As discussed in *People v. Griffin,* 7 N.Y.2d 511, 199 N.Y.S.2d 674, 166 N.E.2d 684, 686 (1960)

> [T]he practice of accepting pleas to lesser crimes is generally intended as a compromise in situations where conviction is uncertain of the crime charged. The judgment entered on the plea in such situations may be based upon no objective state of facts. It is often a *hypothetical crime,* and the procedure—authorized by statute—is justified for the reason that it is in substitution for a charge of crime of a more serious nature which has been charged but perhaps cannot be proved.... his plea may relate to a *hypothetical situation without objective basis.*

(emphasis added). Again, the rationale used to sustain a guilty plea to the nonexistent offense is that since the defendant had "used the plea as a tool for avoiding a more serious conviction ... it would be the height of sophistry to vacate the defendant's plea of guilty." *People v. Bernard,* 656 P.2d at 697.

Finally, we note that the State has detrimentally relied upon the finality of defendant's voluntary plea of guilty to a lesser charge. In view of the tender age of the victim and the extended delay of Downer in seeking to withdraw his guilty plea the prejudice to the prosecution of the rape charge is evident. The problems inherent in the prosecution of sexual crimes involving young children are well established. *Wheat v. State,* Del.Supr., 527 A.2d 269 (1987); *Powell v. State,* Del.Supr., 527 A.2d 276 (1987).

The decision of the Superior Court denying Downer's motion to withdraw his guilty plea is,

AFFIRMED.