# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| GREGORY DESHIELDS,<br><br>    Defendant Below,<br>    Appellant,<br><br>    v.<br><br>STATE OF DELAWARE,<br><br>    Plaintiff Below,<br>    Appellee. | § <br> § <br> § No. 668, 2014<br> § <br> § <br> § Court Below—Superior Court<br> § of the State of Delaware,<br> § in and for New Castle County<br> § Cr. ID No. 0203010922<br> § <br> § |

Submitted: December 17, 2014
Decided:   January 7, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 7th day of January 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Gregory DeShields, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence under Superior Court Criminal Rule 35 ("Rule 35"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of DeShields's opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in April 2002, DeShields was indicted on charges of Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF") in connection with the robbery, Assault in the Second Degree, PFDCF in connection with the assault, and Conspiracy in the Second Degree. On March 21, 2003, DeShields pled guilty to Robbery in the First Degree, Conspiracy in the Second Degree, and the PFDCF charge relating to the robbery. DeShields was sentenced as follows: (i) for Robbery in the First Degree, fifteen years of Level V incarceration; (ii) for Conspiracy in the Second Degree, two years of Level V incarceration, suspended for two years of Level II supervision; and (iii) for PFDCF, five years of Level V incarceration. Since his convictions, DeShields has filed several unsuccessful motions for postconviction relief and reduction or modification of sentence.[2]

(3) On October 21, 2014, DeShields filed a motion for correction of illegal sentence. DeShields claimed that he was subjected to double jeopardy because he was charged with two counts of PFDCF arising from the same incident and the weapons charges should have been included in the primary offenses. The Superior Court held that DeShields's convictions for Robbery in the First Degree and PFDCF did not violate double jeopardy and denied the motion. This appeal followed.

---

[2] *E.g.,* Superior Court Criminal Docket Entry Nos. 17, 23, 28.

(4)    On appeal, DeShields contends that the Superior Court misunderstood his argument and that he was asserting a double jeopardy violation based on the two counts of PFDCF in the indictment, not his convictions for Robbery in the First Degree and PFDCF in connection with the robbery.  Even assuming such a claim falls within the narrow scope of Superior Court Criminal Rule 35(a),[3] this claim is without merit.  First, DeShields's entry of a guilty plea operates as a waiver of any double jeopardy claim relating to his indictment.[4]  Second, it is not a violation of double jeopardy for the State to charge PFDCF for each felony (in this case Robbery in the First Degree and Assault in the Second Degree) allegedly committed with a firearm.[5]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (describing purpose of rule as to permit correction of illegal sentence, not to reexamine errors before imposition of sentence).

[4] *Bowers v. State*, 2007 WL 2359553, at *1 (Del. Aug. 20, 2007) (citing *Downer v. State*, 543 A.2d 309, 312-13) (Del. 1988)).

[5] *DeJesus v. State*, 2012 WL 689168, at *1 (Del. Mar. 1, 2012) (rejecting defendant's argument that he was improperly, charged, and sentenced for four counts of PFDCF); *Spencer v. State*, 868 A.2d 821, 824 (Del. 2005) (holding defendant could be convicted of two counts of assault and two counts of PFDCF arising from double shooting of victim).

3