# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Cr. ID No. 0701010111 |
| | ) | |
| RYAN RESOP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: November 3, 2016
Decided: November 17, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED AND DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED

John W. Downs, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Ryan Resop, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

**MAYER,** Commissioner

1

This 17th day of November, 2016, upon consideration of Defendant's Motion for Postconviction Relief and Defendant's Motion for Appointment of Counsel, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. On March 19, 2007, Defendant, Ryan Resop, was indicted on twenty-six (26) felony counts including eight counts of Robbery First Degree, eight counts of Conspiracy Second Degree, two counts of Attempted Robbery First Degree, six counts of Wearing a Disguise During the Commission of a Felony, and two counts of Assault Second Degree. The indictment stems from several incidences that occurred during the period of December 2006 through January 2007 whereby Defendant and a co-defendant, Jarrell Crawley ("Crawley"), engaged in a series of acts that involved a string of gas station and convenience store robberies. One of the Assault charges, relevant to this matter, involved an allegation that while Defendant and Crawley tried to rob the Chelsea BP gas station and convenience store, Harminder Minhas ("Minhas"), the store clerk, was shot in the hand with a BB gun.

2. Defendant was arrested when the police received a tip and proceeded to follow Defendant and Crawley by car which led to a high speed chase. The pursuit was recorded by the police camera and the police recovered a BB gun, mace and mask that were thrown from the vehicle. When the police caught up with

2

Defendant, items from the recent robbery were found in the car. At the time, Defendant was on probation and wearing a Global Positioning Satellite ("GPS") ankle bracelet. The State's evidence included testimony and a "map" that tracked Defendant's travels by GPS and confirmed his presence at the various robberies. The State also had eye witness testimony and video surveillance implicating Defendant.

3.     Prior to the trial beginning, Defendant agreed to plead guilty to three counts of Robbery First Degree, two counts of Assault Second Degree (including a guilty plea to the assault of Harminder Minhas) and one count of Conspiracy Second Degree. The State agreed to recommend twelve years at Level 5. Defendant did not agree to testify against Crawley.

4.     On November 9, 2007, Defendant was sentenced to a total of twelve years at Level 5 incarceration with nine years as the mandatory minimum.[1]

5.     Since he was sentenced, Defendant has filed no less than six (6) motions for modification, reduction or correction of his sentence.[2] Each has been denied for the reasons set forth in the relevant opinions and orders. Defendant also filed a Petition for Writ of Mandamus with the Delaware Supreme Court which was

---

[1] Resop's co-defendant, Crawley, was sentenced to more than thirty years with respect to the charges at issue here.

[2] See, DI #s 17, 18 (December 10, 2007), #s 33, 35 (August 8, 2011), #s 38, 45 (April 11, 2013), #s 46, 47, 49 (September 3, 2015), #s 50, 54, 55 (February 10, 2016), #56 (March 3, 2016).

dismissed by Order dated September 1, 2015.[3] Through the various motions and petition, Defendant raised allegations that his Assault Second conviction should be reversed, that he was improperly labeled a "snitch," and claims of ineffective assistance of counsel, both as to his own counsel as well as with respect to the actions and statements of his co-defendant's counsel.

6.    In addition, on October 6, 2008, Defendant, *pro se*, filed his first Motion for Postconviction Relief. On October 7, 2009, after a thorough review of the record, and consideration of the Affidavit of Counsel and the State's response, the Commissioner issued a Report and Recommendations that Defendant's Motion for Postconviction Relief should be denied.[4] The Report found that Defendant understood that he was waiving his right to raise any constitutional or evidentiary challenges and that he knowingly, voluntarily and intelligently entered a guilty plea. The Commissioner further held that the evidence against Defendant was strong and trial counsel's recommendation to accept the plea did not amount to ineffective assistance of counsel. No objections to the report were filed and the Motion for Postconviction Relief was denied.[5]

---

[3] *In the Matter of the Petition of Ryan Matthew Resop for a Writ of Mandamus*, 2015 WL 5168155 (Del., Sept. 1, 2015).

[4] DI # 31.

[5] DI # 32.

4

7. On February 10, 2016, the Court received Defendant's second Motion for Postconviction Relief.[6] In summary, Defendant makes the following arguments pursuant to Superior Court Criminal Rule 61(i)(5):

(i) Defendant's right against self-incrimination under the Fifth Amendment was violated because during Crawley's post-conviction relief process, Crawley's counsel may have misrepresented to the Court that Defendant would testify against Crawley. Defendant argues that the references to him testifying against Crawley are false and his rights were violated when he was labeled a "state witness" as a result of the filings;

(ii) The State did not fulfill its promise as made through the Plea Agreement by allowing the "false" statements to be submitted about Defendant's willingness to testify against Crawley; and

(iii) The testimony of Minhas at Crawley's trial is newly found evidence that supports vacating the judgment against Defendant because the State could not prove Minhas was injured to support an Assault Second Degree charge.

8. Defendant's former counsel, Michael Heyden, submitted an Affidavit[7] and the State filed a Response[8] to the Motion for Postconviction Relief.

---

[6] DI # 51.

[7] DI # 59.

[8] DI # 61.

9. Defendant filed a reply brief and clarified and/or supplemented his legal arguments. It appears that Defendant is now arguing that his trial counsel was ineffective for failing to properly investigate the proposed testimony of Harminder Minhas and that he would not have pled guilty to the Assault Second charge if he had known the witness was expected to testify that he was not injured. In light of the clarification of the argument in the Reply Brief, the Court requested an additional submission from trial counsel and a Supplementary Affidavit was filed on October 31, 2016.[9]

10. Defendant also filed a Motion for Appointment of Counsel in which he re-iterates his arguments from his Motion for Postconviction Relief and claims there is a delay in obtaining case law while incarcerated.[10]

## DEFENDANT'S RULE 61 MOTION

11. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[11] Having reviewed the Motion, it is evident that several procedural bars are applicable to Defendant's Motion.

---

[9] DI # 68. Defendant also filed an additional "Reply in Support of Motion for Postconviction Relief" (DI # 67). However, the Court's September 22, 2016 letter did not provide Defendant with the opportunity for additional briefing.

[10] DI # 64.

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

12. First, Defendant's motion is procedurally barred as untimely. Superior Court Criminal Rule 61(i)(1) imposes the condition that a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final. Defendant pled guilty on September 17, 2007, and was sentenced on November 9, 2007. Defendant did not file a direct appeal and therefore his judgment of conviction became final on December 9, 2007.[12] The present motion was filed more than eight (8) years after Defendant's judgment became final. Therefore, the motion was filed outside the applicable time limit and Defendant's claims, at this late date, are time-barred.

13. Defendant's Motion is also barred by Superior Court Criminal Rule 61(i)(2). All grounds for relief available to a defendant shall be deemed to have been set forth in the movant's first motion for relief under this rule[13] and no second or subsequent motion is permitted unless the motion satisfies the pleading requirements of subparagraphs 2(i) or 2(ii) of subdivision (d) of Rule 61.[14]

---

[12] Pursuant to Superior Court Criminal Rule 61(m)(1), a judgment of conviction is final for the purpose of this rule within 30 days after the Superior Court imposes sentence if the defendant has not filed a direct appeal.

[13] Super. Ct. Crim. R. 61(i)(2)(ii) and 61(b)(2).

[14] Likewise, the procedural bars do not apply to a claim that the court lacked jurisdiction or a claim that satisfies the pleading requirements of subparagraphs 2(i) or 2(ii) of subdivision (d) of Rule 61. Super. Ct. Crim. R. 61(i)(5). Defendant does not assert that the Court lacked jurisdiction and therefore that exception does not apply.

7

14. Defendant's second motion pursuant to Rule 61 has not met the pleading requirements of subdivision (d)(2)(i) or (ii). Defendant was not convicted after a trial and has not presented any new evidence creating a strong inference that he is actually innocent of the acts underlying the charges of which he was convicted. The Court in this matter conducted a thorough plea colloquy into Defendant's understanding of the plea agreement and the rights he was surrendering and that by pleading guilty he was waiving certain constitutional rights including his right (a) to be presumed innocent and for the State to prove each and every element of each and every charge that was brought against him; (b) to a trial by jury; (c) to hear and question the witnesses who would be called to testify against him and to cross-examine each of these witnesses; (d) to present evidence in his own defense; and (e) to testify.[15] Defendant pled guilty to the charges which included an admission that he committed the offense of Assault Second by causing physical injury to the victim.[16] The fact that Minhas's testimony during Crawley's trial led to a different result, does not afford Defendant relief here. The court may accept a guilty plea, with a waiver of various constitutional rights, even when the defendant does not have complete knowledge of the relevant circumstances.[17] Defendant is bound by

---

[15] September 17, 2007 Plea Colloquy Transcript at pgs 7-10 (hereinafter "Plea Tr. at ___").

[16] *Id.* at pgs. 16-17, 19.

[17] *Brown v. State*, 108 A.3d 1201, 1205 (Del. 2015), citing *United States v. Ruiz*, 536 U.S. 622, 623 (2002).

8

his answers in court and waived his right to cross-examine witnesses.[18] Defendant cannot now challenge what the witness's potential testimony may have been if his trial had gone forward.[19] As such, Defendant has failed to meet the pleading requirements of Rule 61(d)(2)(i)-(ii) and has not presented any argument to justify relief from the procedural bars.[20]

15. In addition, Defendant's motion is barred by Superior Court Criminal Rule 61(i)(4) which prohibits a defendant from raising claims that have already been adjudicated in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding or in a federal habeas corpus proceeding. Defendant not only raised these almost exact issues by way of his motions for modification, reduction or correction of his sentence,[21] but Defendant's first motion for postconviction relief also addressed the issues of the validity of the plea

---

[18] *State v. Kashner*, 2016 WL 354999 (Del. Super., Jan. 27, 2016).

[19] *Downer v. State*, 543 A.2d 309, 313 (Del. 1988) (citing the rationale that guilty pleas will be upheld where the defendant entered the plea under an agreement from which he received a substantial benefit, even though a jury conviction on the same charge might be reversed.).

[20] Defendant has not asserted that a new rule of constitutional law affects his conviction and therefore this exception does not apply.

[21] Defendant raised the same or similar arguments presented in this motion by way of his fourth motion for sentence reduction/modification that was filed on September 3, 2015, which was supplemented several times and addressed by the January 13, 2016 decision of this Court. *See* DI # 46-49. Essentially, Defendant argued (a) for a reduction of his sentence on the basis that he should not have been labeled a "snitch" in court documents and (b) the testimony of Harminder Minhas in the Crawley case justified a withdrawal of the Assault Second charge.

9

and effectiveness of counsel. Defendant is now precluded from raising these claims again.

16. Even if considered on the merits, Defendant's arguments are not supported by the record. Defendant never testified in his own defense or against Crawley, and therefore there is no basis for his claim that his Fifth Amendment rights were violated. As to his second argument, Defendant acknowledged at the Plea Hearing that the only agreement with the State was that it would not recommend any more than 12 years of incarceration.[22] Defendant also stated there were no other promises or agreements and this was the entire agreement reached with the State of Delaware.[23] Defendant's motion does not argue that the State recommended anything other than the agreed upon sentencing deal. Indeed, the State made a recommendation of 12 years at Level 5 and the Court imposed the recommended sentence.[24] Defendant has thus failed to point to any agreement with the State that was violated and thus his second argument lacks merit.

17. Finally, Defendant has failed to establish that trial counsel was ineffective. When reviewing a claim of ineffective assistance of counsel, the Court must analyze counsel's conduct based upon all of the facts of the case and avoid peering

---

[22] Plea Tr. at pgs 4-10.

[23] Plea Tr. at pg. 7.

[24] November 9, 2007 Sentencing Proceeding Transcript, at pgs 3-4.

10

through the lens of hindsight.[25] Although the right to counsel "includes the right to informed advice after 'appropriate investigation,'"[26] the general duty of defense counsel to investigate does not require counsel to pursue every avenue to uncover potentially mitigating or exculpatory evidence.[27] Defendant must show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[28] "A defense attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[29] Even assuming trial counsel erred by not fully investigating Minhas's potential testimony, in order for Defendant's motion to succeed, he must prove that (i) counsel's representation fell below an objective standard of reasonableness; and (ii) the error was so prejudicial that Defendant would not have pled guilty and would have insisted on going to trial.[30] "Where the alleged error of counsel is a failure to investigate, a

---

[25] *State v. Wright*, 653 A.2d 288, 295 (Del. Super., 1994).

[26] *MacDonald v. State*, 778 A.2d 1064, 1075 (Del. 2001), citing ABA, Standards for Criminal Justice, Standard 14-3.2.

[27] *Alston v. State*, 2015 WL 5297709, at *2-3 (Del., Sept. 4, 2015).

[28] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

[29] *Id* (holding defense counsel provided active and capable advocacy when evidence against Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S.Ct. 770, 787-792 (2011)).

[30] *State v. Kashner*, 2016 WL 354999, at *1 (Del. Super., Jan. 27, 2016); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

determination of 'prejudice' to the defendant by causing him to plead guilty depends upon the likelihood that the additional effort by counsel would have led to a change in counsel's recommendation as to that plea."[31] Likewise, if the alleged error is "curable" because the defendant's conduct properly brought him within the jurisdiction of the court to answer the State's allegation of criminal activity, and the parties reach a plea bargain, the court has the fundamental authority to accept the result of the defendant's bargain with the State.[32]

18. If Defendant had gone to trial, the convictions and sentencing could have been significantly more severe than the plea agreement to six charges and twelve years at Level 5. Defendant ignores the fact that by accepting the State's plea offer, he avoided a trial that involved (i) 26 indicted felony charges; (ii) a possible mandatory penalty of 30 years at Level 5, and a possible sentence of up to 93 years at Level 5; and (iii) strong evidence that included the GPS tracking, police pursuit and physical evidence, eye witness testimony and video surveillance. Even without the Assault Second charge challenged here, Defendant was facing a possible 85 years for the remaining charges. Defendant's sentence is dwarfed by the possible sentence that could have been imposed.

---

[31] *Albury v. State*, 551 A.2d 53, 59 (Del. 1998) (citing *Hall v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

[32] *Downer v. State*, 543 A.2d 309, 311-312 (Del. 1988).

19. In light of the facts and circumstances in this case, to the extent there was an error on the part of trial counsel, such error did not affect the outcome of this matter and certainly did not prejudice Defendant. The evidence against Defendant was strong, Defendant received a substantial benefit from the plea agreement and the record reflects that Defendant entered into it knowingly, voluntarily and intelligently. It was reasonable for counsel to recommend that Defendant plead guilty to six charges rather than risk being tried on twenty-six charges with significant mandatory minimum time.[33] It is evident that trial counsel negotiated the best offer he could for Defendant. As such, the Motion does not meet the requirements for post-conviction relief.

## DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

20. Defendant did not cite any basis for the motion for appointment of counsel. Superior Court Criminal Rule 61(e)(4) provides that the judge may appoint counsel for an indigent movant's second or subsequent postconviction motion only if the judge determines that the motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Rule 61. As set forth above, Defendant's motion does not meet the pleading requirements established by this subsection of Rule 61 and therefore Defendant has provided no basis for the appointment of counsel.

---

[33] *State v. Donohue*, 2008 WL 5206779, at *3 (Del. Super., Dec. 4, 2008).

For all the foregoing reasons, Defendant's Motion for Postconviction Relief should be Denied and the Motion for Appointment of Counsel should be Denied.

**IT IS SO RECOMMENDED.**

_____
Commissioner Katharine L. Mayer

oc:    Prothonotary
cc:    John Downs, Esquire
       Ryan Resop