# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLOS ORTIZ, | § | |
| | § | No. 458, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0208005710 (S) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 23, 2019
Decided: February 21, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the Superior Court did not abuse its discretion when it summarily dismissed the appellant's eleventh motion for postconviction relief. The appellant has not pleaded with particularity the existence of new evidence of actual innocence or that a new, retroactive rule of constitutional law renders his conviction invalid.[1] Moreover, the appellant's claim that the

---

[1] Del. Super. Ct. Crim. R. 61(d)(2).

Superior Court lacked jurisdiction[2] because of deficiencies in the indictment fails on the merits.[3]

We previously warned the appellant that if he continued to file appeals from the denial of untimely and repetitive motions for postconviction relief, he risked being enjoined from filing such appeals in this Court without first seeking leave of the Court.[4] We now conclude that Ortiz's untimely, repetitive, and frivolous filings constitute an abuse of the judicial process. Thus, the Clerk of this Court is directed to refuse any future filings from Ortiz related to these criminal convictions and sentences unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the

---

[2] Del. Super. Ct. Crim. R. 61(i)(5).

[3] *See, e.g., Fountain v. State*, 288 A.2d 277, 278-79 (Del. 1972) (holding that the failure to allege an essential element of a criminal offense in the information did not constitute a jurisdictional defect).

[4] *Ortiz v. State*, 2015 WL 6783158 (Del. Nov. 5, 2015); *Ortiz v. State*, 2019 WL 417881 (Del. Feb. 1, 2019).

2

certifications required by 10 *Del. C.* § 8803(e)[5] and that motion is first granted by

the Court.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is

GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] Section 8803(e) of Title 10 of the Delaware Code provides:

> When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:
> (1) The claims sought to be litigated have never been raised or disposed of before in any court;
> (2) The facts alleged are true and correct;
> (3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
> (4) The affiant has no reason to believe the claims are foreclosed by controlling law; and
> (5) The affiant understands that the affidavit is made under penalty of perjury.