# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
           )
    v.        )   I.D. No.  1712008278
           )
JOSEPH JONES,      )
           )
    Defendant.    )

Submitted: June 17, 2024
Decided: July 12, 2024

*Upon Consideration of Defendant's Motion to Correct Illegal Sentence,*
**DENIED.**

## ORDER

Diana A. Dunn, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Joseph Jones, SBI# 00870557, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se.*

**BUTLER, R.J.**

1

This 12th day of July, 2024, upon consideration of Defendant's Motion for Correction of an Illegal Sentence, the Court hereby finds:

1. The police took a report of sexual abuse of the victim, the Defendant's 8 year old daughter. She gave an interview to the Children's Advocacy Center, describing multiple incidents of sexual conduct with her father between January, 2016 and December, 2017. When confronted with these allegations, the Defendant confessed. He told the police he was powerless to resist his urges.

2. Indicted on, *inter alia,* 3 counts of Rape 1st degree, Continuous Sexual Abuse of a Child and Sexual Abuse of a Child by a Person in a Position of Trust, the Defendant pled guilty to a single count of Continuous Sexual Abuse of a Child.

3. Continuous Sexual Abuse of a Child is criminalized by 11 *Del. C.* § 776. It is classified as a Class B Felony, carrying from 2 to 25 years in prison. The Indictment charging that offense, using the statutory language, charged that the victim was a "child under 17 years of age." At the time of his plea, however, the State had informed him and his attorney that it would be seeking enhanced sentencing under 11 *Del. C.* § 4205A. Because the enhanced sentencing of section 4205A applies to victimizing children under the age of 14, the State amended the Indictment before the plea was entered to reflect that the child was under the age of 14.

4. Section 4205A, entitled "Additional penalty for serious sex offenders or pedophile offenders," provides that defendants convicted of violating, *inter alia*, 11 *Del. C.* § 776 shall be sentenced to "not less than 25 years up to life imprisonment" if the "victim of the instant offense is a child less than 14 years of age."

5. The Defendant tendered his guilty plea on August 16, 2018. The Plea Agreement reflected that the "Defendant agrees that he is subject to sentencing pursuant to 11 *Del. C.* § 4205A due to the fact that the victim of the instant offense is a child less than 14 years of age."

6. The Truth In Sentencing Guilty Plea form ("TIS form") recites that the range of possible penalties for the plea is "25-life," the enhanced penalty for sentencing under section 4205A. Indeed, there is no paperwork connected with his guilty plea that remotely suggests he is not subject to the 25-year minimum and lifetime maximum sentence.

7. There was no agreement between the parties as to a sentence, a sentencing "cap," or anything else. After a presentence investigation report was prepared and a full sentencing hearing, the Defendant was sentenced to 40 years at Level 5, followed by probation.

8.	No appeal was filed.  Rule 35 pleadings were filed, both *pro se* and a counseled pleading. They were rejected, but on appeal, the Supreme Court ruled that the Superior Court should not have rejected both outright, and the Court should consider the counseled motion on its own merits.[1]

9.	On remand, this Court considered the Rule 35 motion– a complaint that the 40-year sentence handed out was outside the mainstream of sentences for this type of crime – and ultimately denied relief.  That ruling was affirmed on appeal.[2]

10.	Then Mr. Jones undertook a new tack in his Rule 35 quest.[3]  This time the argument involves *Apprendi*[4] and *Alleyne*[5] and the question whether the enhanced sentencing he faced under section 4205 was a fact that had to be found by a jury.  This whole line of argument might have more appeal if the indictment had not been amended *before* he pled guilty and he had *not* pled guilty.  In fact, when he pled guilty, the colloquy reflects this:

> THE COURT:	Did you, between January 26, 2016, and December 6, 2017, in New Castle County, Delaware, while residing in the same home with a minor child and had recurring access to the child

---

[1] *See Jones v. State*, 2020 WL 2280509 (Del. May 7, 2020).

[2] *Jones v. State*, 2021 WL 1916390 (Del. May 12, 2021).

[3] The Court previously dealt with these issues in a short opinion in 2022. *See* D.I. 43. The Supreme Court affirmed.  *Jones v. State*, 2022 WL 3206092 (Del. Aug. 8, 2022). The Court reconsiders the motion here out of an abundance of caution, noting that it is filed under Rule 35(a), for which no time limit is specified.

[4] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[5] *Alleyne v. United States*, 570 U.S. 99 (2013).

intentionally engage in three or more acts of sexual contact with the child *who was under the age of 14 at the time*?

THE DEFENDANT:     Yes, You Honor.
THE COURT:     How do you plead?
THE DEFENDANT:     Guilty, Your Honor.[6]

11.     Neither *Apprendi* nor *Alleyne* nor any other case requires the government to prove what the defendant admits to in a guilty plea colloquy. And while an agreement by the parties to modify an indictment is common and was needed to effectuate the plea agreement reached by the parties, his guilty plea constitutes a waiver of any "defect" in the indictment.[7]

12.     Another argument gleaned from the many *pro se* pleadings the Court has received is his question whether he was even subject to sentencing under section 4205A because that section was amended effective in August, 2016 to include crimes under section 776. As reflected in the Indictment, his course of unlawful conduct began in January, 2016 and continued through December, 2017. Section 4205A was amended to include continuous sexual abuse of a child in August, 2016, during the period in which he was victimizing his daughter. He claims that he cannot be subject to the enhanced penalty because there was no proof that he engaged in the continuous sexual abuse of his daughter after August of 2016.

---

[6] *See* Guilty Plea Colloquy, D.I. 61 at 6-7.
[7] *See Downer v. State*, 543 A.2d 309 (Del. 1988).

13. Like his *Apprendi* arguments, his *ex post* argument does not belong to his case. These are academic points as to the Defendant; they may apply to some defendant under different facts, they do not apply to him. The Defendant pled guilty, admitting all the material elements of his qualification for sentencing under section 4205A. Had he gone to trial, the age of his daughter at the time he was victimizing her might be an issue. Because he admitted she was under 14, it is not an issue. Had he gone to trial, he might have contested the dates of his rapes of his daughter and fashioned an argument that he was not susceptible to sentencing under section 4205. He did not, he pled guilty and admitted he was subject to sentencing under section 4205A.

14. Of course, given his confession, had he gone to trial, his chances of conviction of 3 counts of Rape 1st degree, as well as other counts would have been all but a foregone conclusion, resulting in what would likely have been a sentence in excess of 100 years of mandatory time. The plea agreement was neither surprising nor unusual given the facts surrounding his case.

15. The Defendant has supplemented his initial motion for correction of an illegal sentence with a "request to amend motion," a "supplement to motion for correction of illegal sentence" and a second "supplement to motion for correction of illegal sentence." But none of these supplements add anything to his arguments. The record accurately reflects that the Defendant knew exactly what he was pleading

6

into – a 25 year minimum with a maximum of life in prison – and getting away from – 100 years of minimum time. The record shows that he knew all this a full month before actually entering the plea, the indictment was amended by consent to show the applicability of section 4205A, the TIS form reflected it, as did the plea agreement and the guilty plea colloquy.

16.     The Defendant has stated no basis upon which the Court could find that an illegal sentence was imposed and therefore Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

7