IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSEPH E. JONES, §
§ No. 108, 2025
    Defendant Below, §
    Appellant, § Count Below–Superior Court
§ of the State of Delaware
    v. §
§ Cr. ID No. 1712008278 (N)
STATE OF DELAWARE, §
§
    Appellee. §

Submitted:   April 10, 2025
Decided:     June 23, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    Joseph E. Jones appeals the Superior Court's denial of his motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jones's opening brief that his appeal is without merit. We agree and affirm.

(2)    In April 2018, a Superior Court grand jury indicted Jones on three counts of first-degree rape ("Counts I–III"), one count of first-degree unlawful sexual contact, one count of first-degree sexual abuse of a child by a person in a position of trust, and one count of continuous sexual abuse of a child ("Count VI").

Relevant to this appeal, the language of Counts I–III tracked the statutory language of 11 *Del. C.* § 773(a)(5)—and alleged that Jones "did intentionally engage in sexual intercourse with J.J., a child who had not yet reached said victim's twelfth birthday and the defendant had reached the defendant's eighteenth birthday"—and the language of Count VI tracked the statutory language of 11 *Del. C.* § 776(a)—and alleged that Jones "on or between the 26th day of January, 2016 and the 6th day of December, 2017, a period of time not less than three months in duration… while residing in the same home with the minor child or having recurring access to the child, did intentionally engage in three or more acts of sexual conduct with J.J., a child under the age of 18 years of age."[1]

(3) On August 16, 2018, Jones pleaded guilty to Count VI. Although continuous sexual abuse of a child is a class B felony ordinarily subject to a statutory maximum sentence of twenty-five years imprisonment, under the plea agreement, Jones acknowledged that he was subject to enhanced sentencing under 11 *Del. C.* § 4205A[2] because the victim was under the age of fourteen,[3] and the State amended Count VI to reflect this. In exchange for his guilty plea, the State agreed to dismiss

---

[1] *State v. Jones*, Cr. ID No. 1712008278, D.I. 2.

[2] 11 *Del. C.* § 4205A(a) (2016) ("Notwithstanding any provision of this chapter or any other laws to the contrary, a defendant convicted of any crime set forth in § 771(a)(2), § 772, § 773, § 776, § 777, § 777A, § 778(1) or (2) of this title shall be sentenced to not less than 25 years up to life imprisonment to be served at Level V if: … (2) The victim of the instant offense is a child less than 14 years of age.").

[3] Jones also acknowledged on the Truth-in-Sentencing Guilty Plea Form that he faced a sentencing range of a minimum of twenty-five years up to life imprisonment.

the remaining five charges in the indictment. Following a presentence investigation, the Superior Court sentenced Jones to fifty years of incarceration, suspended after forty years for decreasing levels of supervision. Jones did not appeal his conviction or sentence.

(4) In April 2022, Jones filed a motion for correction of illegal sentence, arguing that his sentence was illegal because it exceeded the statutory maximum sentence for a class B felony. The Superior Court denied the motion, and we affirmed its denial on appeal.[4] In October 2022, Jones filed another motion for correction of illegal sentence, arguing that his sentence was illegal because the conduct that formed the basis of his guilty plea began before Section 4205A was amended to include continuous sexual abuse of a child as a predicate offense for enhanced sentencing. The Superior Court denied Jones's motion, and we affirmed its denial on appeal.[5] In November 2023, Jones filed a third motion for correction of illegal sentence, arguing that his sentence was illegal because he did not agree to the State's amendment of the indictment. The Superior Court denied the motion, and we affirmed its denial on appeal.[6]

---

[4] *Jones v. State*, 2022 WL 3206092 (Del. Aug. 8, 2022).
[5] *Jones v. State*, 2023 WL 3842950 (Del. June 5, 2023).
[6] *Jones v. State*, 2024 WL 5055061, at *3 (Del. Dec. 9, 2024) ("On this record, Jones's complaint about when the indictment was amended … is unavailing. Jones clearly knew—both when he signed the plea paperwork and when the Superior Court accepted his plea—that he was pleading guilty to continuous sexual abuse of a child under the age of fourteen and that the potential penalty was twenty-five years to life in prison.").

3

(5)     In January 2025, Jones moved for postconviction relief under Superior Court Criminal Rule 61, arguing that the Superior Court lacked jurisdiction to accept his guilty plea because (i) he admitted to three separate incidents of second-degree unlawful sexual conduct, conduct for which he was not indicted, because the court did not ask if his conduct occurred "over a period of time, not less than 3 months in duration" during the plea colloquy and (ii) the State "tampered" with the indictment when it amended Count VI to reflect that the victim was under the age of fourteen. The Superior Court denied Jones's motion,[7] and this appeal followed.

(6)     We review the Superior Court's denial of postconviction relief for abuse of discretion.[8]  Before examining the merits of a motion for postconviction relief, however, "our courts must first apply the rules governing the procedural requirements for relief set forth in Rule 61."[9]  As a general rule, a motion for postconviction relief "may not be filed more than one year after the judgment of conviction is final," but this bar to relief does not apply to a claim that the court lacked jurisdiction.[10]

(7)     In his opening brief on appeal, Jones argues, as he did below, that the court lacked jurisdiction to accept his guilty plea because (i) the court "omitted the

---

[7] *State v. Jones*, 2025 WL 524281 (Del. Super. Ct. Feb. 18, 2025).
[8] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[9] *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002).
[10] Del. Super. Crim. R. 61(i).

essential element of the crime 'over a period of time, not less than 3 months in duration' charged under Count 6 of the indictment" during the plea colloquy and (ii) the State "tampered" with the indictment. Jones's claims are unavailing.

(8) As a preliminary matter and as noted above, we have had several occasions to revisit the circumstances under which Jones pleaded guilty to continuous sexual abuse of a child and the legality of Jones's sentence. It is clear from the record, including Jones's representations on the plea paperwork and those he made to the court during the plea colloquy, that Jones knowing, intelligently, and voluntarily pleaded guilty to continuous sexual abuse of a child, a felony over which the Superior Court has jurisdiction,[11] and received a sentence that was legally enhanced given the age of the victim. Jones's specific complaints lack merit: (i) the court's colloquy with Jones did not "omit" an essential element of the crime because the court explicitly referenced the eleven-month timeframe (January 2016 through December 2016) during which Jones's criminal conduct occurred; and (ii) the State's amendment to the indictment to reflect the parties' *agreement* that the victim was under the age of fourteen did not divest the court of jurisdiction to accept Jones's guilty plea.[12] Finally, we would be remiss if we did not note that Jones received a

---

[11] 11 *Del. C.* § 2701(c) ("The Superior Court shall have jurisdiction, original and concurrent, over all crimes, except where jurisdiction is exclusively vested in another court.").

[12] *See Fountain v. State*, 288 A.2d 277, 279 (Del. 1972) (noting that even "the failure of an indictment or information to allege an essential element of the offense charged is not considered a jurisdictional defect").

5

substantial benefit from pleading guilty; had Jones been found guilty as charged, he faced up to three life sentences for the three charges of first-degree rape.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice