IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN JOHNSON, | § | |
| | § | No. 394, 2025 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N25M-07-005 |
| BRIAN EMIG, WARDEN, | § | Cr. ID No. 1602004456A (N) |
| J.T.V.C.C., | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: October 22, 2025
Decided: November 25, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm and the record below, it appears to the Court that:

(1) In 2017, the appellant, Jonathan S. Johnson, pleaded guilty to drug dealing cocaine and possession of a firearm during the commission of a felony ("PFDCF") in exchange for dismissal of multiple other charges. He was declared to be a habitual offender and sentenced to twenty-five years of imprisonment for PFDCF and to eight years of imprisonment, suspended for decreasing levels of supervision, for drug dealing. Johnson did not file a direct appeal, but he has filed

numerous writ petitions and motions for postconviction relief, to withdraw his guilty plea, or challenging his sentence.[1]

(2)     In July 2025, Johnson filed a petition for a writ of habeas corpus.  He claimed that his indictment was defective because the count alleging PFDCF did not identify the make, model, caliber, and serial number of the gun.  The Superior Court denied the petition, holding that the indictment charged PFDCF substantially in the words of the applicable statute and sufficiently put Johnson on notice of the charge against him.  The court also noted that Johnson and his attorney received discovery that identified the handgun in greater detail before he pleaded guilty.  Johnson filed two motions for reargument or to alter or amend a judgment, which the Superior Court denied.  Johnson has appealed to this Court.

(3)     "[T]he writ of habeas corpus under Delaware law provides relief on a very limited basis."[2]   Specifically, it "provides an opportunity for an illegally confined or incarcerated person to obtain judicial review only of the jurisdiction of the court ordering the commitment."[3]  When the commitment is regular on its face and the court has jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[4]

---

[1] The Superior Court docket in the criminal case has nearly 200 entries after Johnson's sentencing. Johnson has also filed eight appeals or writ petitions in this Court, not including the current appeal.
[2] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[3] *Carter v. May*, 2021 WL 2419705, at *1 (Del. June 4, 2021).
[4] *Id.*

2

(4) The Superior Court did not err by denying Johnson's petition and motions for reargument. Johnson is serving a sentence imposed by the Superior Court after he pleaded guilty to PFDCF, a felony.[5] "The Superior Court clearly has jurisdiction over the disposition of felony charges,"[6] and Johnson has not shown that the absence of details about the gun in the indictment deprived the court of jurisdiction.[7] The Superior Court correctly determined that Johnson is not entitled to habeas corpus relief.[8]

(5) Finally, we note that Johnson's motion to proceed *in forma pauperis* was improvidently granted in this case. Johnson's motion falsely stated that he has never been found by any court to have abused the judicial process by filing frivolous or malicious litigation. After several warnings, we previously concluded that Johnson's untimely, repetitive, and frivolous filings constituted an abuse of the judicial process and enjoined him from filing appeals in this Court without first

---

[5] 11 *Del. C.* § 1447A(a).

[6] *See West v. May*, 2024 WL 707261, at *2 (Del. Feb. 20, 2024).

[7] *See In re Gordon*, 2020 WL 5883444, at *1 (Del. Oct. 2, 2020) (stating that petitioner had "not shown that the absence of the victim's age in the indictment [for second-degree rape] deprived the Superior Court of jurisdiction"); *Miller v. State*, 2020 WL 582715 (Del. Feb. 5, 2020) (rejecting claims that Superior Court lacked jurisdiction because of deficiencies in the indictment); *Fountain v. State*, 288 A.2d 277, 278-79 (Del. 1972) (holding that inadequacy of information in indictment, although "indeed defective" because it did not allege all elements of the crime, was not a jurisdictional defect).

[8] In his opening brief in this appeal, Johnson makes various arguments that he did not raise in his habeas petition, such as that his counsel "slept through negotiation of plea contract." Those contentions also do not demonstrate that the Superior Court lacked jurisdiction and therefore provide no basis for habeas relief under Delaware law.

seeking leave of the Court.[9]  That injunction remains in place.  The Clerk of this Court is directed to refuse any future filings from Johnson related to these criminal convictions and sentence unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e) and that motion is first granted by the Court.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[9] *Johnson v. State*, 2024 WL 3518357 (Del. July 23, 2024).

4