IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAIR MOLINA, | § | |
| | § | No. 312, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1507000643 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 21, 2016
Decided:  January 11, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## **O R D E R**

This 11th day of January 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)  On August 31, 2015, a New Castle County grand jury indicted the appellant, Jair Molina, on one count of Sexual Abuse of a Child by a Person in a Position of Trust or Authority in the First Degree under 11 *Del. C.* § 778(1), one count of Continuous Sexual Abuse of a Child under 11 *Del. C.* § 776, and four counts of Sexual Abuse of a Child by a Person in a Position of Trust or Authority in the First Degree under 11 *Del. C.* § 778(2).  On February 22, 2016, Molina pled guilty to one count of Sexual Abuse of a Child by a Person in Position of Trust or

Authority under 11 *Del. C.* § 778(1). After a presentence investigation, Molina was sentenced to thirty years of Level V incarceration, suspended after twenty years for decreasing levels of supervision. This appeal followed.

(2) On November 4, 2016, Molina's counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Molina of the provisions of Rule 26(c) and provided Molina with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Molina of his right to identify any points he wished this Court to consider on appeal. Molina has raised one issue for this Court's consideration. The State has responded to the issue raised by Molina and asked this Court to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1] On appeal, Molina argues that his arrest was illegal because the police officer who interviewed him also acted as the interpreter.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

Molina's primary language is Spanish. Molina did not raise this claim below so our review is limited to plain error.[2]

(5) "Under Delaware law, a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea."[3] The record reflects that Molina's guilty plea was knowing and voluntary. During the guilty plea colloquy, Molina, with the assistance of an interpreter, affirmed that: (i) he understood he was waiving certain rights, including his right to trial, by pleading guilty; (ii) he was guilty of Sexual Abuse of a Child by a Person in a Position of Trust or Authority; (iii) he faced a sentence of fifteen years to life imprisonment; (iv) he understood he faced a risk of deportation; (iv) no one forced him to enter into the plea agreement or promised him what his sentence would be; and (v) he reviewed the Truth-in-Sentencing Guilty Plea Form, which was in Spanish, with his counsel and an interpreter. Absent clear and convincing evidence to the contrary, which he has not identified, Molina is bound by his representations during the guilty plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[4] Molina waived his challenge to his arrest as a result of his knowing and voluntary guilty plea.[5]

---

[2] Supr. Ct. R. 8.
[3] *Bentley v. State*, 2011 WL 3793779, at *1 (Del. Aug. 25, 2011) (citing *Downer v. State*, 543 A.2d 309, 311-313 (Del. 1988)).
[4] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[5] *See supra* n.3.

(6) Having carefully reviewed the record, we conclude that Molina's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Molina could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice