John R. SMITH, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 300,2005.

Supreme Court of Delaware.

Submitted: Dec. 16, 2005.
Decided: Feb. 22, 2006.

John R. Smith, Newark, Delaware, pro
se.

Loren C. Meyers, Esquire, Department
of Justice, Wilmington, Delaware, for ap-
pellee.

Before STEELE, Chief Justice,
HOLLAND and JACOBS, Justices.

HOLLAND, Justice.

The defendant-appellant, John R. Smith,
filed an appeal from the Superior Court's
final judgment, which denied his motion
for a modification of his sex offender tier
designation. In February 2005, in antici-
pation of his release from prison, Smith
wrote a letter to the sentencing judge re-
questing that he be re-assigned from Tier
III to Tier II.[1] The stated basis for his
request was the risk that, because the
name "John Smith" is so common, his reg-
istration notices would be sent to the
wrong "John Smith." In its response, the
State argued that Smith's request should
be denied because, under Del.Code Ann.
tit. 11, § 4121(e)(1)(a), registration as a

---

1. The Tier III designation requires targeted
notification to the community of the offend-
er's release from prison and registration every
90 days for the remainder of the offender's
life. Del.Code Ann. tit. 11, §§ 4120, 4121,
and 4336.

Tier III sex offender is statutorily mandated upon a conviction of Unlawful Sexual Intercourse in the Second Degree. The Superior Court agreed with the State's position and denied Smith's request for modification of his sex offender tier designation.[2]

### Issues on Appeal

In this appeal, Smith claims that: first, he was improperly assigned to Tier III due to the Superior Court's erroneous interpretation of the sex offender registration statute; and second, the Tier III designation was applied to him in violation of the *ex post facto* clause of the United States Constitution. We find that contention to be without merit. Therefore, the judgment of the Superior Court must be affirmed.

### Facts

In June 1996, Smith was arrested and charged by complaint in the Justice of the Peace Court with five counts of various sex offenses, including Unlawful Sexual Contact in the Second Degree. Subsequently, Smith was charged with several additional sex offenses, again including Unlawful Sexual Contact in the Second Degree. In March 1997, as part of Smith's plea agreement with the State,[3] he was charged by Information with, and pleaded guilty to, one count of Unlawful Sexual Intercourse in the Second Degree and one count of Unlawful Sexual Contact in the Second Degree. Smith also submitted a completed sex offender registration form, which reflected that he had read and understood the sex offender registration requirements relevant to those crimes. Finally, Smith agreed to re-register as a sex offender upon his release from prison.

On June 27, 1997, Smith was sentenced to a total of twenty-two years incarceration at Level V, to be suspended after ten years for a total of twelve years of decreasing levels of supervision.[4] The State dismissed fifteen counts of various sex offenses. Also on that same date, the Superior Court signed an order pursuant to Del.Code Ann. tit. 11, § 4336, which required the Department of Correction to provide notice when Smith, as a sex offender, would be released from prison.

### Sex Offender Registration Statute

Delaware's sex offender registration statute, Del.Code Ann. tit. 11, § 4120 et seq., was amended in July 1998 to provide that any person convicted of an offense designated in new Section 4121(a)(4) is required to register as a sex offender upon his release from a Level V or IV facility. The amendment also created three "Risk Assessment Tiers," each of which has a particular set of registration requirements. Under Section 4121(e), the offender is to be assigned to one of the tiers in accordance with the offense of which he has been convicted. The amendment also provides, under Section 4122(a), that offenders convicted after June 21, 1996 and before March 1, 1999 are subject to the provisions of Section 4121. Under Section 4121(e), which sets out the Risk Assessment Tiers, Unlawful Sexual Intercourse in the Second Degree is classified within Tier III.

---

2. On September 28, 2005, the Superior Court modified Smith's sentence solely in order to specify the work release program for the Level IV portion of the sentence and change the hold level from Level III to Level IV. The issue of the risk assessment tier was not addressed.

3. Super. Ct.Crim. R. 11(e)(1)(C).

4. As part of its sentencing order, the Superior Court stated, "The provisions of 11 *Del. C.* §§ 4120 and 4336, Sex Offender Registration and Community Notification, apply to this case."

### Smith Classified Properly

 Smith's first claim is that his Tier III classification is based upon the Superior Court's erroneous interpretation of the sex offender registration statute. According to Smith, because he originally was charged only with Unlawful Sexual Contact in the Second Degree, which requires registration as a Tier II sex offender, and because section 4121(d) requires that he be classified to the tier "applicable for the *originally charged* offense in the case of a plea agreement (emphasis supplied)," he should be re-assigned to Tier II. Smith's argument is not supported by the record.

The record reflects that the Information filed as part of Smith's plea agreement contained the charge of Unlawful Sexual Intercourse in the Second Degree and that Smith agreed to plead guilty to that charge. Smith has provided no evidence, nor has he even argued, that his plea agreement was not knowing and voluntary. The record also reflects that Smith was on notice from the beginning that, as part of his plea agreement, he would have to register as a Tier III sex offender. Smith, therefore, has waived any argument that he should be re-assigned to Tier II.

Smith originally was charged with numerous counts of various sexual offenses and ultimately pleaded guilty to only two of those charges. Smith derived a clear benefit from his plea bargain and may not now seek to undo its terms.[5] The Superior Court correctly determined that, under the circumstances of this case, the charge of Unlawful Sexual Intercourse in the Second Degree was the appropriate charge upon which to determine Smith's risk assessment tier. Therefore, we conclude that Smith's first claim of error is without merit.

### No Ex Post Facto Violation

 Smith's second claim of error is that his Tier III assignment was applied to him in violation of the *ex post facto* clause of the United States Constitution. This Court previously held that the retroactive application of the Delaware sex offender registration statute does not constitute an *ex post facto* violation.[6] As this Court stated, "Since we conclude that the community notification provisions are not punitive, we find no basis for invalidating the [Delaware sex offender registration] statute on ex post facto grounds."[7] Accordingly, we also hold that Smith's second claim is without merit.

### Conclusion

The judgment of the Superior Court is affirmed.

---

5. *Downer v. State,* 543 A.2d 309, 312–13 (Del. 1988).

6. *Helman v. State,* 784 A.2d 1058, 1077–78 (Del.2001).

