IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW PHLIPOT, | § | |
| | § | No. 478, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0903021873 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 18, 2018
Decided: January 7, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

(1)    In this appeal from the Superior Court's August 22, 2018 modified sentence order, the State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the appellant's opening brief that the appeal is without merit.  We agree and affirm.

(2)    In 2010, the appellant, Matthew Phlipot, was convicted of two counts of rape in the fourth degree and was sentenced to twenty years of Level V incarceration, suspended after ten years for ten years of Level IV supervision, suspended after six months for two years of Level III probation.[1]  Under 11 *Del. C.*

---

[1] Phlipot was convicted of other offenses for which he received Level V incarceration suspended for concurrent probation.

§ 4121—Delaware's sex offender registration and community notification statute—

Phlipot is designated as a Tier II sex offender.[2]

(3) Phlipot began his unsuspended six-month term of Level IV supervision on April 25, 2018 when he was transferred from Level V incarceration to Level IV work release. On May 17, 2018, ten days after he began Level IV home confinement, Phlipot received an unexpected notice from the Smyrna police that he was required to vacate his Level IV placement within sixty days because the home was located within five hundred feet of the Smyrna High School and Middle School.[3] When he was unable to find a suitable substitute home confinement placement within sixty days, Phlipot was arrested on an administrative warrant alleging that he was in violation of a condition of his Level IV home confinement supervision.

(4) Phlipot immediately filed a motion for modification of sentence explaining his dilemma and asking to be "flowed down" from Level IV to Level III. The violation report filed by Phlipot's probation officer explained the situation but recommended that Phlipot finish his remaining Level IV time at Level V. On August 22, 2018, Superior Court issued a "modified sentence order" resentencing Phlipot,

---

[2] 11 *Del. C.* § 4121(d)(2)(a) (Supp. 2018) (providing that a sex offender convicted of rape fourth degree shall be designated to Risk Assessment Tier II).

[3] *See* 11 *Del. C.* § 1112(a)(1), (b)(3) (Supp. 2018) (prohibiting a sex offender from residing "on or within 500 feet of the property of any school . . . or other institution which has as its primary purpose the education or instruction of children under 16 years of age"). The record reflects that both Phlipot and his probation officer believed that the residence—although located on School Lane—was an approved placement for sex offenders.

effective August 22, 2018, to nine years and six months of Level V incarceration suspended immediately for two years of Level III probation with GPS monitoring.

(5)  On appeal, Phlipot objects to the GPS monitoring imposed in the modified sentence order.  He claims that adding GPS monitoring to his Level III probation constituted an illegal increase in sentence because GPS monitoring was not included in the sentence as originally imposed and because GPS monitoring is not statutorily required for Tier II sex offenders.

(6)  Phlipot is correct that 11 *Del. C.* § 4121 does not mandate GPS monitoring for Tier II sex offenders as it does for Tier III sex offenders.[4]  But the statute does not prohibit a court from imposing GPS monitoring as a condition of probation when sentencing a Tier II offender, as Phlipot seems to suggest.

(7)  The record reflects that the Superior Court modified Phlipot's sentence in response to his motion for modification of sentence and his probation officer's violation report.  The Superior Court added GPS monitoring to Phlipot's two years of Level III probation to substitute for the previously-imposed Level IV home confinement, which had become problematic when Phlipot was unable to find a replacement home confinement host.  Modifying the sentence in this way did not

---

[4] *See* 11 *Del. C.* § 4121 (u) ("Notwithstanding any provision of this section or title to the contrary, any Tier III sex offender being monitored at Level IV, III, II, or I, shall as a condition of their probation, wear a GPS locator ankle bracelet paid for by the probationer.").

increase Phlipot's punishment,[5] illegally increase his sentence,[6] or violate 11 *Del. C.* § 4121.

(8)    Appellate review of a sentence generally ends upon a determination that the sentence is within statutory limits.[7]  To disturb a sentence on appeal, there must be a showing either of the imposition of an illegal sentence or of an abuse of the trial court's broad discretion.[8]  In this case, Phlipot has not demonstrated, and the record does not reflect, that the Superior Court imposed an illegal sentence or abused its discretion when the court issued a modified sentence order on August 22, 2018, resentencing Phlipot to nine years and six months of Level V incarceration suspended immediately for two years of Level III probation with GPS monitoring.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] *See Hassett v. State*, 2011 WL 446561 (Del. Feb. 8, 2011) (holding that GPS monitoring required under 11 *Del. C.* § 4121(u) does not implicate the ex post facto clause because the statute is intended for public safety and is not punitive in nature (citing *Smith v. State*, 919 A.2d 539 (Del. 2006); *Helman v. State*, 784 A.2d 1058 (Del. 2001))).

[6] *Cf. Scarborough v. State*, 2008 WL 187944 (Del. Jan. 22, 2008) (concluding that the trial court's reconfiguration of a suspended sentence to provide for drug treatment instead of home confinement was not tantamount to an increase in sentence and thus was not illegal).

[7] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).

[8] *Weber v. State*, 655 A.2d 1219, 1221 (Del. 1995).