IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHARLES B. SANDERS,          §
                             §
     Defendant Below,        §  No. 82, 2022
     Appellant,              §
                             §  Court Below—Superior Court
     v.                      §  of the State of Delaware
                             §
STATE OF DELAWARE,           §  Cr. ID No. 9312012607 (K)
                             §
     Plaintiff Below,        §
     Appellee.               §

Submitted: April 21, 2022
Decided:  June 13, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Charles B. Sanders, filed this appeal from the Superior Court's order denying his Request for Release from Obligations Identified in Title 11 *Del. C.* § 4121(d)(1).  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Sanders's opening brief that his appeal is without merit.  We agree and affirm.

(2)     On April 6, 1994, a Superior Court jury convicted Sanders of first-degree robbery, second-degree kidnapping, first-degree burglary, second-degree assault, and attempted sexual extortion.  On June 10, 1994, the Superior Court

sentenced Sanders to forty-five years of Level V incarceration suspended after forty years for decreasing levels of probation. This Court affirmed the Superior Court's judgment on direct appeal.[1] Since his convictions, Sanders has filed multiple motions for postconviction and habeas corpus relief.[2]

(3)     On January 2, 2020, Sanders filed a Motion for Redesignation of Tier Level or to be Relieved from the Sex Offender Registry. The State opposed the motion. On February 14, 2020, the Superior Court dismissed the motion.

(4)     On September 29, 2021, Sanders filed a Motion for Release from Obligations Identified in 11 *Del. C.* § 4121(d)(1). He argued that it was a violation of the *ex post facto* clause of the United States Constitution for the Department of Correction ("DOC") to treat him as a Tier III sex offender, which made him ineligible under DOC's policies for sentence modification applications under 11 *Del. C.* § 4217. The State opposed the motion. After a hearing on February 18, 2022, the Superior Court concluded that Sanders qualified as a Tier III sex offender and denied his motion. This appeal followed.

(5)     As he did below, Sanders argues that he does not qualify as a Tier III sex offender because at one time Section 4121 limited the definition of sex offender

---

[1] *Sanders v. State*, 1995 WL 264532 (Del. May 1, 1995).
[2] *See, e.g., Sanders v. State*, 2016 WL 419192, at *1 (Del. Aug. 1, 2016) (affirming the Superior Court's denial of Sanders's eighth motion for postconviction relief); *Sanders v. May*, 2022 WL 605644, at *2-3 (D. Del. Jan. 18, 2022) (dismissing motion the court construed as fourth request for habeas relief).

to a person convicted of designated offenses after June 27, 1994.[3] He also relies on Section 4122, which at one time provided that Section 4121 applied to persons convicted after June 21, 1996 and before March 1, 1999.[4] In 2008, the General Assembly amended Section 4121(a) to delete the references to June 27, 1994. As a result, the definition of sex offender included (and still includes) persons convicted of "any of the offenses specified in §§ 765 through 780….or of any attempt to commit any of the aforementioned offenses."[5] The General Assembly also amended Section 4122 to provide that "Section 4121 of this Title shall be retroactively applicable to any person convicted of a registering offense."[6]

(6)     Sanders acknowledges these amendments but contends that the General Assembly did not make them retroactive. This contention is contrary to the plain language of Section 4122. To the extent Sanders argues that it is unconstitutional for the amendments to apply retroactively, this Court has previously held that the requirements of Sections 4120 and 4121 are not punitive in nature and therefore retroactive application of those requirements does not implicate the *ex post facto*

---

[3] 11 *Del. C.* § 4121(a)(4)(a) (effective March 1, 1999) (defining sex offender as "any person who is, or has been…convicted after June 27, 1994 of any of the offenses specified in §§ 765 through 780 ….or of any attempt to commit any of the aforementioned offenses").
[4] 11 *Del. C.* § 4122(a) (effective March 1, 1999) ("The provisions of § 4121 shall be applicable to any person convicted after June 21, 1996 but before March 1, 1999.").
[5] 11 *Del. C.* § 4121(a)(4)(a) (effective July 16, 2008).
[6] 11 *Del. C.* § 4122 (effective July 16, 2008).

clause of the United States Constitution.[7]  Under Section 4121(a)(4)(a), any person convicted of attempted sexual extortion under Section 774 like Sanders is a sexual offender.  Under Section 4121(d)(1), a sex offender convicted of attempted sexual extortion involving force or threat of force like Sanders is assigned to Tier III.[8]  The Superior Court did not err in denying Sanders' motion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Collins J. Seitz, Jr.
Chief Justice

---

[7] *Hassett v. State*, 2011 WL 446561, at *1 (Del. Feb. 8, 2011) (concluding that retroactive application of a Section 4121 provision requiring Tier III sex offenders to wear GPS monitoring bracelets while on probation did not violate the *ex post facto* clause); *Smith v. State*, 919 A.2d 539, 541 (Del. 2006) (holding that retroactive application of Tier III assignment did not violate the *ex post facto* clause); *Helman v. State*, 784 A.2d 1058, 1075-78 (Del. 2001) (ruling that the notification provisions of Section 4121 were not punitive and did not violate the *ex post facto* clause).

[8] *Sanders*, 1995 WL 264532, at *1 (describing how Sanders grabbed seventy-six-year-old victim, knocked her to the floor, and threatened to kill her if she would not perform a sexual act on him).