IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES R. GETZ, JR., | § | |
| | § | |
| Petitioner/Defendant Below, | § | No. 95, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 88K00683DI (K) |
| | § | |
| Appellee. | § | |

Submitted: May 20, 2022
Decided: July 18, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Charles R. Getz, Jr., filed this appeal from the Superior Court's order denying his Motion for Redesignation of Tier Level or to be Relieved from the Sex Offender Registry.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Getz's opening brief that his appeal is without merit.  We agree and affirm.

(2)     In 1989, a Superior Court jury found Getz guilty of the first-degree rape of his 11-year-old daughter.  The Superior Court sentenced Getz to life imprisonment.  This Court affirmed the Superior Court's judgment on direct appeal.[1]

(3)     In October 2021, the Board of Parole granted Getz parole of one year Level IV Home Confinement followed by Level III supervision.  The Board of Parole also imposed special conditions on Getz's parole, including a condition that Getz register as a Tier III Sex Offender.  In November 2021, Getz signed the Sex Offender Conditions of Supervision with a notation that he was signing under duress.

(4)     On November 22, 2021, Getz filed a Motion for Redesignation of Tier Level or to be Relieved from the Sex Offender Registry.  He subsequently filed an amended motion and motion for summary judgment. In December 2021, the Department of Justice advised Getz that he was assigned to a Tier III designation as a result of his first-degree rape conviction and informed him that he could request review of that designation.  The State filed a response to Getz's motions.  The Superior Court denied the motion for summary judgment.

(5)     On February 25, 2022, the Superior Court held a hearing on the Motion for Redesignation of Tier Level or to be Relieved from the Sex Offender Registry. At the conclusion of the hearing, the Superior Court denied the motion.  This appeal followed.

---

[1] *Getz v. State*, 1990 WL 168288 (Del. Sept. 13, 1990).

2

(6) Getz's arguments in his opening brief may be summarized as follows: (i) requiring him to register as a Tier III sex offender and comply with the Sex Offender Conditions of Supervision while on parole is a violation of the *ex post facto* clause of the United States Constitution; (ii) he does not qualify as a sex offender; and (iii) the Board of Parole could not require to him to register as a Tier III sex offender. These arguments are without merit.

(7) As noted in *Hassett v. State*, this Court "previously has held that the sex offender registration and community notification requirements of 11 *Del. C.* §§ 4120 and 4121 are not punitive in nature and, thus, the retroactive application of those requirements does not implicate the *ex post facto* clause."[2] Getz argues that *Hassett* was wrongly decided because the Court only considered whether the sex offender requirements were punitive, not whether those requirements were disadvantageous to the affected offender as required by the United States Supreme Court in *Weaver v. Graham*.[3] In *Weaver*, the Supreme Court stated that "two critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must

---

[2] 2011 WL 446561, at *1 (Del. Feb. 8, 2011) (concluding that retroactive application of a Section 4121 provision requiring Tier III sex offenders to wear GPS monitoring bracelets while on probation did not violate the *ex post facto* clause). *See also Smith v. State*, 919 A.2d 539, 541 (Del. 2006) (holding that retroactive application of Tier III assignment did not violate the *ex post facto* clause); *Helman v. State*, 784 A.2d 1058, 1075-78 (Del. 2001) (ruling that the notification provisions of Section 4121 were not punitive and did not violate the *ex post facto* clause).
[3] 450 U.S. 24 (1981).

disadvantage the offender affected by it."[4]  Getz misreads this language to mean there is an *ex post facto* violation when a non-punitive law disadvantages an affected offender.  He ignores that the Supreme Court described the *ex post facto* prohibition as forbidding "the Congress and the States to enact any law 'which imposes a *punishment* for an act which was not *punishable* at the time it was committed; or imposes additional *punishment* to that then prescribed.'"[5]  The Supreme Court found the law at issue to disadvantage affected offenders because it made their punishment—the amount of time they spent in prison—more onerous.[6]

(8)  Getz also argues, contrary to the *Hassett* decision, that Sections 4120 and 4121 are punitive and thus violative of the *ex post facto* clause because a sex offender who fails to comply with those sections is guilty of a class G felony.[7]  He is mistaken.  A sex offender's knowing or reckless violation of Section 4120 or 4121 is a new crime subject to punishment, not additional punishment for a previous crime.

---

[4] *Id.* at 29 (citations omitted).

[5] *Id.* at 28 (quoting *Cummings v. Missouri*, 71 U.S. 277, 325-26 (1866) (emphasis added)).  *See also Helman*,784 A.2d at 1075 (describing "dispositive issue" in *ex post facto* analysis as whether the challenged law imposes a punishment).

[6] *Weaver*, 450 U.S. at 34 (emphasis added).

[7] 11 *Del. C.* § 4120(k) ("A warrant shall issue for any sex offender required to register who knowingly or recklessly fails to register or re-register or provide verification on the date on which it is required pursuant to this section or § 4121 of this title or to otherwise comply with any of the provisions of this section or § 4121 of this title, and any sex offender doing so shall be guilty of a class G felony."); 11 *Del. C.* § 4121(r) ("Any sex offender who knowingly or recklessly fails to comply with any provision of this section shall be guilty of a class G felony.").

(9)    In arguing that he is not a Tier III sex offender, Getz primarily relies upon earlier versions of Sections 4121 and 4122 discussed in *State v. Paoletti*.[8]  At the time of the *Paoletti* decision in 2007, Section 4121 defined a sex offender as a person convicted of certain offenses after June 27, 1994.[9]  Section 4122 provided that Section 4121 applied to persons convicted after June 21, 1996 and before March 1, 1999.[10]  In 2008, the General Assembly amended Section 4122 "to require…sex offenders who were convicted of a sexual offense prior to the enactment of Megan's Law to comply with the provisions" of Section 4120.[11]  As a result of this amendment, Section 4122 provides that Section 4121 is retroactively applicable to any person convicted of a registering offense.[12]  The General Assembly also amended Section 4121(a) to delete the references to June 27, 1994.[13]  Thus, the current versions of Section 4121 and 4122 apply to sex offenders like Getz who were convicted in the 1980s.

(10)    Getz also argues that he does not qualify as a sex offender because he was convicted of first-degree rape under Section 764(2), which is not one of the

---

[8] 2007 WL 969513 (Del. Super. Ct. Mar. 30, 2007).
[9] 11 *Del. C.* § 4121(a)(4)(a) (defining sex offender as "any person who is, or has been…convicted after June 27, 1994 of any of the offenses specified in §§ 765 through 780 ….or of any attempt to commit any of the aforementioned offenses").
[10] 11 *Del. C.* § 4122(a) (providing Section 4121 "shall be applicable to any person convicted after June 21, 1996 but before March 1, 1999.").
[11] 76 Del. Laws, c. 374, § 25, Synopsis to HB 485 (2008).
[12] 11 *Del. C.* § 4122(a).
[13] 11 *Del. C.* § 4121(a)(4)(a).

5

statutory sections listed in the definition of a sex offender under Section 4121(a)(4)(a).[14] He ignores Section 4121(a)(4)(f), which defines a sex offender as a person "[c]onvicted…of any of the offenses set forth in paragraph (a)(4)(a)…or of any offense which is the same as or equivalent to such offenses as the same existed and were defined under the laws of this State existing at the time of such conviction." Getz's first-degree rape conviction under former Section 764(2) is equivalent to a first-degree rape conviction under Section 773(a)(5).[15]

(11) Finally, Getz contends that the Board of Parole could not require him to register as a Tier III sex offender as a condition of his parole. Imposition of parole conditions "is squarely within the Board's statutory authority."[16] As the State also argues in its motion to affirm, Section 4120 requires "[a]ny sex offender who is…paroled from any Level V or Level V facility…following a conviction for any

---

[14] 11 *Del. C.* § 4121(a)(4)(a) (defining a sex offender as a person convicted of "convicted of any of the offenses specified in §§ 765 through 780, § 787(b)(3)-(4), § 1100A, §§ 1108 through 1112B, § 1335(a)(6), § 1335(a)(7), § 1352(2), § 1353(2) or § 1361(b) of this title, or of any attempt or conspiracy to commit any of the aforementioned offenses"). Section 764 now covers second-degree indecent exposure.

[15] *Compare* 11 *Del. C.* § 764(2) (effective in March 1986) (providing that a man is guilty of first-degree rape when he intentionally engages in sexual intercourse with a female without her consent and the victim was not the defendant's voluntary social companion at the time of the crime) *with* 11 *Del. C.* § 773(a)(5) (effective since June 2010) (providing that a person is guilty of first-degree rape when they intentionally engage in sexual intercourse with another person, the victim is under twelve, and the defendant is at least eighteen). *See also Hamilton v. State*, 1986 WL 17419, at *1 (Del. Sept. 10, 1986) ("As a matter of law, a minor child cannot be considered her father's voluntary social companion.").

[16] *Haskins v. Williams*, 2007 WL 704122, at *2 (Del. Mar. 8, 2007) (rejecting the defendant's argument that the Board of Parole lacked authority to impose parole conditions that included Level III probation/parole supervision, maintaining full-time employment, and abiding by a curfew).

6

offense specified in § 4121(a)(4) of this title" to register as a sex offender.[17]  A first-degree rape conviction requires a Tier III designation.[18]  The Superior Court did not err in denying Getz's motion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[17] 11 *Del. C.* § 4120(b)(1).
[18] 11 *Del. C.* § 4121(d)(1).