IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMIR COLDER, | § | |
| | § | |
| Defendant Below, | § | No. 202, 2024 |
| Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2202013369 (N) |
| | § | |
| Appellee. | § | |

Submitted: July 10, 2024
Decided:    August 27, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1)    The defendant below-appellant, Amir Colder, filed this appeal from a Superior Court order denying his first motion for postconviction relief under Superior Court Criminal Rule 61.[1]  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Colder's opening brief that the appeal is without merit.  We agree and affirm.

---

[1] *State v. Colder*, 2024 WL 1854985 (Del. Super. Ct. Apr. 29, 2024).

(2)     In August 2022, a grand jury charged Colder with multiple drug and weapon offenses.  In January 2023, Colder filed a motion to suppress, arguing that the search warrant did not establish probable cause for the search of his residence. On April 10, 2023, Colder pleaded guilty to drug dealing (tier 2—cocaine).   Under the plea agreement, the State agreed to enter a *nolle prosequi* on the remaining charges. The parties agreed to recommend a sentence of fifteen years of Level V incarceration, suspended after eighteen months for decreasing levels of supervision. The Superior Court accepted Colder's guilty plea and imposed, effective February 25, 2022, the recommended sentence.  Colder did not appeal.

(3)     On November 30, 2023, Colder filed a motion for postconviction relief under Superior Court Criminal Rule 61.  He argued that the search warrant was not supported by probable cause and that the Superior Court lacked jurisdiction because evidence was seized in violation of his constitutional rights.   Colder filed a supporting addendum on December 29, 2023.

(4)     On April 29, 2024, the Superior Court denied Colder's motion for postconviction relief.[2]  The court concluded that Colder's claims concerning the search warrant were not procedurally barred and that he had waived those claims by

---

[2] *Id.*

2

voluntarily pleading guilty.[3] The court rejected Colder's jurisdictional argument as lacking any factual or legal support. This appeal followed.

(5) In his opening brief, Colder argues that the Superior Court's failure to address his jurisdictional challenge based on the unconstitutional search and seizure constitutes reversible error. We review the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[4] We review constitutional claims *de novo*.[5] Before considering the merits of any underlying claims for postconviction relief, the Court applies the procedural requirements of Rule 61.[6]

(6) Although we are uncertain as to the Superior Court's analysis of Rule 61(i)(3),[7] it is manifest on the face of Colder's opening brief that his appeal is without merit. As the Superior Court recognized, Colder did not cite any factual or legal authority to support his claim that the seizure of evidence in violation of his constitutional rights deprived the Superior Court of jurisdiction.[8] The cases Colder cites in his opening brief stand for the proposition that evidence obtained by an

---

[3] *Id.* at *2-3.

[4] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).

[5] *Id.*

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7] Rule 61(i)(3) provides that any ground for relief not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the movant establishes cause and prejudice. The Superior Court found that Colder "did not raise the grounds for relief contained in the Motion prior to entering his guilty plea in this case, so the Motion is *not* barred for procedural default." *Colder*, 2024 WL 1854985, at *2 (emphasis added).

[8] *Id.* at *2 n.13.

3

unconstitutional search will be suppressed, not that the Superior Court loses jurisdiction if a search warrant is invalid.[9]

(7) In addition, Colder waived his claims concerning the search warrant by pleading guilty. A knowing, intelligent, and voluntary guilty plea constitutes a waiver of the defendant's right to challenge any errors occurring before the entry of the plea.[10] Colder did not challenge any aspect of his guilty plea in the proceedings below. Relying on Colder's representations in the Truth-in-Sentencing form he signed as part of his plea, including his acknowledgment that he was waiving his constitutional right to a trial by jury and to present evidence in his defense, the Superior Court held that Colder's plea was voluntary and that he therefore waived the issues raised in his motion to suppress. Colder claims for the first time on appeal that his plea was involuntary because he was not fully informed of the constitutional challenges to the evidence when he pleaded guilty. Absent plain error, which we do

---

[9] *See, e.g., Mapp v. Ohio*, 367 U.S. 643, 655 (1961) (holding that evidence obtained by an unconstitutional search was inadmissible); *United States v. Christine*, 687 F.2d 749, 758-60 (3d Cir. 1982) (holding that partially invalid search warrant could be redacted so that evidence obtained pursuant to the valid portions of the warrant did not have to be suppressed); *State v. Cannon*, 2007 WL 1849022, at *6 (Del. Super. Ct. June 27, 2007) (granting motion to suppress evidence obtained with search warrant lacking probable cause). We cannot locate the *State v. Flores*, 185 A.3d 1283 (Del. 2018) decision that Colder claims this Court issued and supports his position. The citation he provides is to an environmental appeal in the Supreme Court of Vermont and the sentence he quotes does not appear in this Court's decisions.

[10] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312–13 (Del. 1988).

not find here, we decline to consider this argument.[11] The Superior Court did not err in holding that Colder's voluntary guilty plea constituted a waiver of his claims concerning the search warrant.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[11] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."). The arguments Colder made about the search warrant in his motion for postconviction relief are the same as the arguments made in the motion to suppress.